IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CLS BANK INTERNATIONAL,<br>39 Broadway<br>New York, New York  10006,<br><br>                    Plaintiff,<br><br>          v.<br><br>ALICE CORPORATION PTY. LTD.,<br>GPO Box 4933<br>Melbourne VIC 3001, Australia,<br><br>                    Defendant. | CASE NO. ___ CV ___ |

## COMPLAINT

TO THE HONORABLE COURT:

COMES NOW, Plaintiff CLS Bank International ("CLS Bank") for its Complaint against Defendant Alice Corporation Pty. Ltd. ("Alice"), and alleges as follows:

### Nature Of The Action

1. This is an action for declaratory judgment of non-infringement, patent invalidity, and patent unenforceability. The action arises under the Patent Laws, 35 U.S.C. § 1 *et seq.*, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

### The Parties

2. CLS Bank is an "Edge Act Corporation," organized under § 25A of the Federal Reserve Act and statutorily authorized to engage in international banking activities. CLS Bank's sole U.S. offices are at 39 Broadway, New York, New York.

3. On information and belief, Alice is a corporation organized under the laws of Australia, with a principal place of business in Melbourne, Australia.

### Jurisdiction and Venue

4. This Court has original jurisdiction over the subject matter of these claims under 28 U.S.C. §§ 1331 and 1338(a).

5. This Court has personal jurisdiction over Alice, as a non-resident patentee, under 35 U.S.C. § 293.

6. Venue is proper in this District under 28 U.S.C. §§ 1391(b), (c) and (d).

### Factual Background

7. On or about October 19, 1999, the U.S. Patent and Trademark Office issued U.S. Patent No. 5,970,479 ("the '479 patent"), entitled Methods and Apparatus Relating to the Formulation and Trading of Risk Management Contracts, to Ian K. Shepherd, which patent is assigned to Alice. The patent claims inter alia, a system and method to enable the formulation of customized multi-party risk management contracts, and a method of exchanging obligations between parties.

8. On or about June 28, 2005, the U.S. Patent and Trademark Office issued U.S. Patent No. 6,912,510 ("the '510 patent"), entitled Methods of Exchanging an Obligation, to Ian K. Shepherd, which patent is assigned to Alice. The patent claims, inter alia, a method of exchanging an obligation between parties.

9. On or about December 12, 2006, the U.S. Patent and Trademark Office issued U.S. Patent No. 7,149,720 ("the '720 patent"), entitled Systems for Exchanging an Obligation, to Ian K. Shepherd, which patent is assigned to Alice. The patent claims, inter alia, a data processing system to enable the exchange of an obligation between parties.

10. Alice purports and claims to own, and have the right to enforce, the '479, '570 and '720 patents.

11. CLS Bank, through a contractual arrangement with CLS Services Ltd., a private limited company organized under the laws of England and Wales and located in the United Kingdom, provides a "continuous linked settlement service" to settle foreign exchange transactions for other banks (the "CLS Service").

12. The CLS Service offered by CLS Bank utilizes various computer hardware and software to settle foreign exchange transactions (the "CLS System"). The relevant components of the CLS System are located in the United Kingdom.

13. On October 4, 2002, Alice's counsel sent a letter to CLS Bank asserting rights under the '479 patent, stating that "every transaction involving CLS' settlement of foreign exchange transactions is impacted by claims [of the '479 patent], thus affecting the Company's modus operandi," and offering to grant a license to CLS.

14. On July 11, 2005, Alice sent a letter to CLS Bank alleging that, by virtue of the CLS Service, "Alice Corporation regards CLS as willfully infringing its intellectual property," including the then recently issued '510 patent.

15. On August 30, 2005, Alice sent another letter to CLS Bank which referred to intervening correspondence and stated that "[w]e affirm our view that CLS is wilfully [sic] infringing Alice's intellectual property."

16. On April 6, 2007, Alice's counsel sent a further letter to CLS Bank's counsel, referencing the '479, the '510, and the more recently issued '720 patents, alleging "that CLS is willfully infringing Alice's intellectual property, including but not limited to [the "720 patent] issued on December 12, 2006."

## Count I

### (Declaratory Judgment of Non-Infringement of the '479, '510 and '720 Patents)

17. CLS Bank repeats and realleges the allegations of paragraphs 1–16 above, as if fully set forth herein.

18. CLS Bank has a right to engage in the accused activities with respect to the settlement of foreign exchange transactions, including its activities with respect to the CLS Service and CLS System, without a license from Alice.

19. The components of the CLS System relevant to Alice's allegations of infringement of its systems claims are located outside of the United States.

20. One or more elements of the CLS Service relevant to Alice's allegations of infringement of its method claims are performed outside of the United States.

21. The manufacture, use, sale, or offer for sale of the CLS System has not infringed and does not infringe any valid and/or enforceable claim of the '479, '510 or '720 patents.

22. CLS's activities with respect to the CLS Service have not infringed and do not infringe any valid and/or enforceable claim of the '479, '510 or '720 patents.

23. There is an actual substantial, and continuing justiciable case or controversy between CLS Bank and Alice regarding non-infringement of the '479, '510 and '720 patents.

24. CLS Bank is entitled to a judicial declaration that the manufacture, use, sale, or offer for sale of the CLS System has not infringed and does not infringe any valid and/or enforceable claim of the '479, '510 and '720 patents.

25. CLS Bank is entitled to a judicial declaration that its activities with respect to the CLS Service have not infringed and do not infringe any valid and/or enforceable claim of the '479, '510 and '720 patents.

## Count II

**(Declaratory Judgment of Invalidity of the '479, '510 and '720 Patents)**

26. CLS Bank repeats and realleges the allegation of paragraphs 1-16 and 18 above as if fully set forth herein.

27. The claims of the '479, '510 and '720 patents are invalid for failure to comply with one or more of the conditions for patentability set forth in Title 35 of the United States Patent Code, including but not limited to anticipation or obviousness, and indefiniteness of the claimed inventions.

28. There is an actual, substantial, and continuing justiciable case or controversy between CLS Bank and Alice regarding the invalidity of the '479, '510 and '720 patents.

29. CLS Bank is entitled to a judicial declaration that the claims of the '479, '510 and '720 patents are invalid.

## Count III

**(Declaratory Judgment of Unenforceability of the '479, '510 and '720 Patents)**

30. CLS Bank repeats and realleges the allegation of paragraphs 1-16 and 18 above as if fully set forth herein.

31. The claims of the '479, '510 and '720 patents are unenforceable due to inequitable conduct of Alice and/or the inventor of the '479, '510 and '720 patents.

32. In particular, Alice and/or the inventor failed to disclose material prior art to the U.S. Patent & Trademark Office ("PTO") during prosecution of the patent applications

leading up to issuance of the '479, '510 and '720 patents, including but not limited to material information known to them respecting the Swiss Interbank Clearing (SIC) system.

33. Alice and/or the inventor also sought to amend their patent claims during prosecution, based on information they obtained concerning the CLS System and CLS Service, without disclosing to the PTO that the subject matter sought in the proposed amendments was not invented by Alice or the named inventor of the Alice patents.

34. There is an actual, substantial, and continuing justiciable case or controversy between CLS Bank and Alice regarding the unenforceability of the '479, '510 and '720 patents.

35. CLS Bank is entitled to a judicial declaration that the claims of the '479, '510 and '720 patents are unenforceable.

## Prayer for Relief

WHEREFORE, Plaintiff CLS Bank respectfully prays for judgment in its favor and against Alice:

(a) Declaring that the manufacture, use, sale, or offer for sale of the CLS System has not infringed and does not infringe any valid and/or enforceable claim of the '479, '510 and '720 patents;

(b) Declaring that CLS Bank's activities with respect to the CLS Service have not infringed and do not infringe any valid or enforceable claim of the '479, '510 and '720 patents.

(c) Declaring that the claims of the '479, '510 and '720 patents are invalid;

(d) Declaring that the claims of the '479, '510 and '720 patents are unenforceable.

(e) Awarding CLS Bank its costs and attorney fees under 35 U.S.C. § 285.

(f) Awarding CLS Bank such other and further relief as the Court may deem just and proper.

## **JURY DEMAND**

CLS Bank hereby demands a trial by jury as to all issues so triable.

Respectfully submitted this 24th day of May, 2007.

CLS Bank International

By: *David Bickart*
David O. Bickart, Esq. (Bar # 355313)
KAYE SCHOLER LLP
901 Fifteenth Street, N.W
Washington, DC 20005-2327
(202) 682-3503

Of Counsel:

William A. Tanenbaum, Esq. (WT-9960)
Steven J. Glassman, Esq. (SG-1616)
Stephen J. Elliott, Esq. (SE-5437)
KAYE SCHOLER LLP
425 Park Avenue
New York, NY 10022-3598
Tel: 212-836-8000