IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CLS BANK INTERNATIONAL, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 07-CV-00974-RMC |
| ALICE CORPORATION PTY. LTD., | ) |
| Defendant. | ) |
| ALICE CORPORATION PTY. LTD., | ) |
| Counterclaim-Plaintiff, | ) |
| v. | ) |
| CLS BANK INTERNATIONAL, | ) |
| Counterclaim-Defendant, | ) |
| and | ) |
| CLS SERVICES LTD., | ) |
| Counterclaim-Defendant. | ) |

**DEFENDANT ALICE CORPORATION PTY. LTD.'S
MOTION TO DISMISS COUNT III**

Pursuant to Federal Rules of Civil Procedure 9(b) and 12(b)(6), Defendant Alice Corporation Pty. Ltd., respectfully moves the Court to dismiss Count III of Plaintiff's Complaint for failure to plead a claim of unenforceability due to inequitable conduct with particularity and failure to state a claim upon which relief can be granted. A Memorandum of Points and Authorities in Support of Defendant's Motion to Dismiss Count III is attached.

Dated: August 16, 2007              Respectfully submitted,

ALICE CORPORATION PTY. LTD.,

By its attorneys,

_____
Paul M. Wolff (D.C. Bar No. 90217)
Bruce R. Genderson (D.C. Bar No. 961367)
Ryan T. Scarborough (D.C. Bar No. 466956)
M. Jesse Carlson (D.C. Bar No. 490196)
WILLIAMS & CONNOLLY LLP
725 12th Street, N.W.
Washington, DC 20005
Telephone: (202) 434-5000
Facsimile: (202) 434-5029


_____
Mark F. Evens (D.C. Bar No. 343723)
STERNE, KESSLER, GOLDSTEIN & FOX P.L.L.C.
1100 New York Avenue, N.W.
Washington, DC 20005
Telephone: (202) 371-2600
Facsimile: (202) 371-2540

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| CLS BANK INTERNATIONAL, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. 07-CV-00974-RMC |
| ALICE CORPORATION PTY. LTD., | ) ) ) | |
| Defendant. | ) ) | |
| ALICE CORPORATION PTY. LTD., | ) ) ) | |
| Counterclaim-Plaintiff, | ) ) ) | |
| v. | ) ) | |
| CLS BANK INTERNATIONAL, | ) ) ) | |
| Counterclaim-Defendant, | ) ) | |
| and | ) ) | |
| CLS SERVICES LTD., | ) ) | |
| Counterclaim-Defendant. | ) ) | |

**DEFENDANT ALICE CORPORATION PTY. LTD.'S
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS
<u>MOTION TO DISMISS COUNT III</u>**

Defendant Alice Corporation Pty. Ltd. ("Alice"), by and through counsel, respectfully submits this Memorandum of Law in Support of its Motion to Dismiss Count III of the Complaint filed by CLS Bank International ("CLS Bank") because Count III does not satisfy the pleading requirements of Federal Rule of Civil Procedure 9(b) and because, pursuant to Federal Rule of Civil Procedure 12(b)(6), it does not state a claim for relief.

# INTRODUCTION

Alice holds three patents for methods and a system that facilitate the exchange of an obligation (e.g., a currency exchange) between parties: U.S. Patent No. 5,970,479, issued October 19, 1999; U.S. Patent No. 6,912,510, issued June 28, 2005; and U.S. Patent No. 7,149,720, issued December 12, 2006. CLS Bank is a special-purpose bank designed specifically to settle foreign exchange transactions between banks. CLS Bank has sued Alice for a declaratory judgment that it does not infringe the '479, '510 and '720 patents (Count I), that Alice's patents are invalid (Count II), and that Alice's patents are unenforceable (Count III). Alice has answered Counts I and II and counterclaimed alleging that CLS Bank and CLS Services Ltd. engage in activities that infringe its patents. This motion to dismiss concerns Count III of CLS Bank's Complaint, which alleges that Alice and/or the inventor engaged in inequitable conduct before the U.S. Patent & Trademark Office ("the PTO") as follows:

> 32. In particular, Alice and/or the inventor failed to disclose material prior art to the U.S. Patent & Trademark Office ("PTO") during prosecution of the patent applications leading up to issuance of the '479, '510 and '720 patents, including but not limited to material information known to them respecting the Swiss Interbank Clearing (SIC) system.
>
> 33. Alice and/or the inventor also sought to amend their patent claims during prosecution, based on information they obtained concerning the CLS System and CLS Service, without disclosing to the PTO that the subject matter sought in the proposed amendments was not invented by Alice or the named inventor of the Alice patents.

(Compl. ¶¶ 32–33.)

Assuming CLS Bank's allegations are true for purposes of this Motion, Count III should be dismissed for three reasons. First, Count III fails to meet the heightened pleading requirements of Federal Rule of Civil Procedure 9(b) because CLS Bank has not identified any "material prior art" that CLS Bank contends Alice failed to disclose to the PTO during patent prosecution. Second, inequitable conduct requires an intent to deceive or mislead the PTO, and

CLS Bank has made no such allegation in its Complaint. Finally, with respect to CLS Bank's allegation that Alice amended the patent claims specifically to cover the CLS System and CLS Service, such behavior is permissible and common in patent prosecutions and thus cannot support CLS Bank's claim of inequitable conduct.

## ARGUMENT

### I. CLS Bank Has Not Alleged Inequitable Conduct with the Requisite Degree of Particularity.

Count III must be dismissed because paragraphs 32 and 33, the two cursory paragraphs that constitute CLS Bank's claim of inequitable conduct, fall far short of the particularity required to sustain such a claim. Federal Rule of Civil Procedure 9(b) requires that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." *See Ferguson Beauregard/Logic Controls v. Mega Sys.*, 350 F.3d 1327, 1344 (Fed. Cir. 2003) (quotations omitted) (stating that "inequitable conduct, while a broader concept than fraud, must be pled with particularity"); *Intex Rec. Corp. v. Team Worldwide Corp.*, 390 F. Supp. 2d 21, 23-24 (D.D.C. 2005) (noting that "[m]ost other federal courts to have considered the issue have [also] required inequitable conduct claims to be pled with particularity"). A party alleging that a patent applicant engaged in inequitable conduct must "specify what statements were made and in what context, when they were made, who made them, and the manner in which the statements were misleading." *Intex Rec.*, 390 F. Supp. 2d at 24. These heightened pleading requirements ensure that the defendant has sufficient information to formulate a response, *United States ex rel. Williams v. Martin-Baker Aircraft Co.*, 389 F.3d 1251, 1256 (D.C. Cir. 2004), and are commensurate with the Federal Circuit's general antipathy towards inequitable conduct claims, *see Multiform Desiccants, Inc. v. Medzam Ltd.*, 133 F.3d 1473, 1482 (Fed. Cir. 1998) (noting that "the charge of inequitable conduct before the patent

3

office had come to be attached to every patent prosecution, diverting the court from genuine issues and simply spawning satellite litigation"); *Burlington Indus., Inc. v. Dayco Corp.*, 849 F.2d 1418, 1422 (Fed. Cir. 1988) ("[T]he habit of charging inequitable conduct in almost every major patent case has become an absolute plague."); *see also Ferring B.V. v. Barr Labs., Inc.*, 437 F.3d 1181, 1196 (Fed. Cir. 2006) (Newman, J. dissenting) (noting that "specious charges of inequitable conduct are a disincentive to technologic innovation"), *cert. denied*, 127 S. Ct. 515 (2006).

    CLS Bank has not met its burden. It has provided none of the specificity required by Rule 9(b). CLS Bank's allegation that "Alice and/or the inventor failed to disclose material prior art to the [PTO] during prosecution of the patent applications leading up to issuance of the '479, '510 and '720 patents, including but not limited to material information known to them respecting the Swiss Interbank Clearing (SIC) system," (*see* Compl. ¶ 32) is plainly insufficient. CLS Bank does not identify the particular prior art alleged to have been intentionally withheld, nor why withholding it from the PTO was misleading.[1] *See also, e.g., Stowe Woodward, LLC v. Sensor Prods., Inc.*, 230 F.R.D. 463, 467–68 (W.D. Va. 2005) (pleading which alleged a failure to disclose "industry publications or products, including at least those of Interlink" was insufficient to satisfy Rule 9(b)). This is precisely the situation Rule 9(b) is designed to prevent. Alice should not be forced to guess as to what allegedly material prior art it supposedly failed to describe. It should not be forced to search for and review all publications and other public material referring to the SIC system, determine whether it qualifies as one of the categories of

---

[1] *Intex Recreation* is instructive. In that case, plaintiff met the particularity requirement when it identified a particular patent reference alleged to have been withheld by defendant; however, the plaintiff's other general allegations that the defendant had withheld material prior art were dismissed because "[plaintiff] has not specified the content of any other alleged misrepresentation." 390 F. Supp. 2d at 25 n.3.

4

material prior art under 35 U.S.C. § 102, and then determine whether those references were known to Alice during the prosecution of its patents. If CLS Bank cannot point to the specific prior art reference alleged to have been knowingly withheld by Alice with an intent to deceive the PTO, then Count III should be dismissed.

## II. CLS Bank Has Not Alleged an Intent To Deceive or Mislead the PTO.

Count III must also be dismissed pursuant to Federal Rule of Civil Procedure 12(b) because CLS Bank has failed to allege an essential element of its claim. To support a determination of inequitable conduct before the PTO, "a party must show by clear and convincing evidence that the applicant breached its duty 'to prosecute patent applications with candor, good faith, and honesty,' and that it did so 'with an intent to deceive or mislead the PTO.'" *Intex Rec.*, 390 F. Supp. 2d at 24 (quoting *Bristol-Myers Squibb Co. v. Rhone-Poulenc Rorer, Inc.*, 326 F.3d 1226, 1233 (Fed. Cir. 2003)). Conduct amounting to gross negligence is insufficient to meet this standard. *Kingsdown Med. Consultants, Ltd. v. Hollister Inc.*, 863 F.2d 867, 876 (Fed. Cir. 1988). As the en banc Federal Circuit has stated, "the involved conduct, viewed in light of all the evidence, including evidence indicative of good faith, must indicate sufficient culpability to require a finding of intent to deceive." *Id.*

CLS Bank makes no claim that Alice or the inventor intended to deceive or mislead the PTO. On the contrary, as described above, CLS Bank alleges only that they "failed to disclose material prior art" and that they amended the patent claims "without disclosing" the CLS System and CLS Service. (*See* Compl. ¶¶ 32–33.) Even accepting these allegations as true for purposes of this motion, drawing all reasonable inferences in favor of CLS Bank, the allegations fail to demonstrate the requisite intent to deceive or mislead the PTO.

5

### III. Amending Claims Specifically To Cover a Competitor's Product Is Not Inequitable Conduct.

Finally, Count III must be dismissed because CLS Bank's allegation that Alice amended its patent claims during prosecution to cover the CLS System cannot, as a matter of law, support a claim of inequitable conduct. It is well settled that a patent applicant may amend its claims during prosecution to cover a competitor's product. As the Federal Circuit has explained:

> [T]here is nothing improper, illegal or inequitable in filing a patent application for the purpose of obtaining a right to exclude a known competitor's product from the market; nor is it in any manner improper to amend or insert claims intended to cover a competitor's product the applicant's attorney has learned about during the prosecution of a patent application. Any such amendment or insertion must comply with all statutes and regulations, of course, but, if it does, its genesis in the marketplace is simply irrelevant and cannot of itself evidence deceitful intent.

*Kingsdown*, 863 F.2d at 874. Thus, even if Alice amended its claims with knowledge of and intent to cover the CLS System, that conduct is entirely permissible. In fact, such behavior is, indeed, common. *See, e.g., Cardiovention, Inc. v. Medtronic, Inc.*, 483 F. Supp. 2d 830, 842-43 (D. Minn. 2007) (describing such behavior as permissible, citing *Kingsdown*); *Emerson Elec. Co. v. Spartan Tool LLC*, 223 F. Supp. 856, 921 (N.D. Ohio 2002) (same); *Mycogen Plant Sci., Inc. v. Monsanto Co.*, 61 F. Supp. 2d 199, 214 (D. Del. 1999) (same). As the Federal Circuit has stated in this regard, "[t]he world of competition is full of 'fair fights.'" *State Indus., Inc. v. A.O. Smith Corp.*, 751 F.2d 1226, 1236 (Fed. Cir. 1985). Therefore, the allegations of paragraph 33, even if true, do not support a claim of inequitable conduct, and dismissal under Rule 12(b)(6) is appropriate.

## CONCLUSION

For the foregoing reasons, Alice respectfully requests that the Court dismiss Count III of CLS Bank's Complaint with prejudice.

Dated: August 16, 2007

Respectfully submitted,

ALICE CORPORATION PTY. LTD.,

By its attorneys,

_____
Paul M. Wolff (D.C. Bar No. 90217)
Bruce R. Genderson (D.C. Bar No. 961367)
Ryan T. Scarborough (D.C. Bar No. 466956)
M. Jesse Carlson (D.C. Bar No. 490196)
WILLIAMS & CONNOLLY LLP
725 12th Street, N.W.
Washington, DC 20005
Telephone: (202) 434-5000
Facsimile: (202) 434-5029

_____
Mark F. Evens (D.C. Bar No. 343723)
STERNE, KESSLER, GOLDSTEIN & FOX P.L.L.C.
1100 New York Avenue, N.W.
Washington, DC 20005
Telephone: (202) 371-2600
Facsimile: (202) 371-2540

7

## CERTIFICATE OF SERVICE

I hereby certify that on this 16th day of August, 2007, a copy of DEFENDANT ALICE CORPORATION PTY. LTD.'S MOTION TO DISMISS COUNT III and memorandum of points and authorities in support thereof was served upon the following by electronic means through ECF:

    David O. Bickart, Esq.
    KAYE SCHOLER LLP
    901 15th Street, N.W.
    Suite 1100
    Washington, DC 20005-2329
    Fax: (202) 414-0310

                                                        M. Jesse Carlson

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| CLS BANK INTERNATIONAL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 07-CV-00974-RMC |
| | ) | |
| ALICE CORPORATION PTY. LTD., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| ALICE CORPORATION PTY. LTD., | ) | |
| | ) | |
| Counterclaim-Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| CLS BANK INTERNATIONAL, | ) | |
| | ) | |
| Counterclaim-Defendant, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| CLS SERVICES LTD., | ) | |
| | ) | |
| Counterclaim-Defendant. | ) | |

## [PROPOSED] ORDER

This matter is before the Court on Defendant's Motion To Dismiss Count III of Plaintiff's Complaint. Upon consideration of this Motion and the entire record herein, it is hereby

ORDERED that Defendant's Motion to Dismiss is GRANTED, and that Count III of Plaintiff's complaint hereby is DISMISSED WITH PREJUDICE.

So ordered.

_____
Rosemary M. Collyer, J.

Case 1:07-cv-00974-RMC-JMF    Document 7-2    Filed 08/16/2007    Page 2 of 4

Copies to:

Paul M. Wolff, Esq.
Bruce R. Genderson, Esq.
Ryan T. Scarborough, Esq.
M. Jesse Carlson, Esq.
WILLIAMS & CONNOLLY LLP
725 12th Street, N.W.
Washington, DC 20005

Mark F. Evens, Esq.
STERNE, KESSLER, GOLDSTEIN & FOX P.L.L.C.
1100 New York Avenue, N.W.
Washington, DC 20005

David O. Bickart, Esq.
KAYE SCHOLER LLP
901 15th Street, N.W.
Suite 1100
Washington, DC 20005-2329

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 16th day of August, 2007, a true copy of the foregoing [PROPOSED] ORDER with respect to DEFENDANT'S MOTION TO DISMISS was served upon the following by electronic means through ECF:

David O. Bickart, Esq.
KAYE SCHOLER LLP
901 15th Street, N.W.
Suite 1100
Washington, DC 20005-2329
Fax: (202) 414-0310

_____
M. Jesse Carlson