IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CLS BANK INTERNATIONAL,<br>39 Broadway<br>New York, New York 10006,<br><br>      Plaintiff,<br><br>      v.<br><br>ALICE CORPORATION PTY. LTD.,<br>GPO Box 4933<br>Melbourne VIC 3001, Australia,<br><br>      Defendant.<br>_____<br>ALICE CORPORATION PTY. LTD.,<br><br>      Counterclaim-Plaintiff,<br><br>      v.<br><br>CLS BANK INTERNATIONAL,<br><br>      Counterclaim-Defendant,<br><br>and<br><br>CLS SERVICES LTD.<br>One Harbor Exchange Square<br>London, England, E14 9GE, U.S.<br><br>      Counterclaim-Defendant. | Case No. 07-cv-0974 (RMC) |

**UNOPPOSED MOTION FOR EXTENSION OF TIME**

Plaintiff/Counterclaim Defendant CLS Bank International ("CLS Bank") respectfully moves for an extension of time until September 12, 2007 to respond to the Counterclaims of Alice Corporation Pty. Ltd. ("Alice Corp.") and to the Motion of Alice Corp. to Dismiss Count III of the Complaint. For the reasons set forth below, granting the very short extension is appropriate, and will not delay this action or prejudice any party.

13121776.DOC

This action arises out of a patent dispute. The Complaint of CLS Bank for a declaratory judgment of non-infringement, invalidity and unenforceability of the disputed patents was filed on May 25, 2007, and service was effected on Alice Corp., an Australian corporation, on June 25, 2007, pursuant to a stipulation between it and CLS Bank. (Dkt # 4.) Alice Corp. filed its Answer and a Motion to Dismiss one of the counts of the Complaint on August 16, i.e., 30 days after its response would otherwise have been required.[1]

The Answer of Alice Corp. includes, among other things, counterclaims against both CLS Bank and CLS Services Ltd. ("CLS Services UK"), an English entity which was not a party to the original action. (Dkt. # 6.) The Docket reflects no service upon CLS Services UK, as required by Fed. R. Civ. P. 4, but only electronic service upon CLS Bank's counsel. Therefore CLS Bank's response would otherwise be due on September 10, 2007, but no response would be required at all from CLS Services UK until service was effected in the UK. Counsel for CLS Bank is nevertheless willing to proceed with respect to both CLS Bank and CLS Services UK, and, after discussion with counsel for Alice Corp., has offered to respond on behalf of both CLS Bank and CLS Services UK on September 12, 2007, i.e., just two days after CLS Bank's response would have been due. In short, the very brief extension for CLS Bank's response will advance resolution of this case, because it will result in a response by all parties much earlier than would otherwise have been required.

---

[1] Although the Docket contains no order extending Alice Corp.'s time to respond to the Complaint, CLS Bank agrees that the Answer was timely under the parties' stipulation filed June 25, 2007. CLS acted in good faith by requesting an extension — substantially shorter than the one that Alice Corp had already effectively received — through a stipulation modeled on the June 25, 2007 stipulation. *See generally Yesudian ex rel. United States v. Howard University*, 270 F.3d 969, 971 (D.C. Cir. 2001).

In return for its agreement to respond on behalf of CLS Services UK, counsel has also requested, and (as reflected in Dkt # 7), counsel for Alice Corp. do not oppose granting CLS Bank an extension of time, also until September 12, in which to respond to the Motion to Dismiss. In light of the Motion to Dismiss being filed on August 16, this extension, of 13 calendar days, accommodates the vacation schedule of counsel and the Labor Day holiday, and assures that consideration of the Motion and the other pleadings will proceed in tandem.

As reflected in the parties' August 28 Stipulation, and confirmed by telephone today, Alice Corp. does not oppose the relief requested herein.[2] A proposed Order is attached.

Respectfully submitted this 31st day of August, 2007.

CLS Bank International

By: _____
David O. Bickart, Esq. (Bar # 355313)
KAYE SCHOLER LLP
901 Fifteenth Street, N.W
Washington, DC  20005-2327
(202) 682-3503

Of Counsel:

William A. Tanenbaum, Esq. (WT-9960)
Steven J. Glassman, Esq. (SG-1616)
Stephen J. Elliott , Esq. (SE-5437)
KAYE SCHOLER LLP
425 Park Avenue
New York, NY  10022-3598
Tel: 212-836-8000

---

[2] We understand the Court's August 30 Order declining to endorse the Stipulation as a reflection on the absence of information in the Stipulation itself adequate to support the extension. This Motion is intended to provide that information.

13121776.DOC                                              3

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CLS BANK INTERNATIONAL,<br>39 Broadway<br>New York, New York 10006,<br><br>          Plaintiff,<br><br>     v.<br><br>ALICE CORPORATION PTY. LTD.,<br>GPO Box 4933<br>Melbourne VIC 3001, Australia,<br><br>          Defendant.<br>_____<br>ALICE CORPORATION PTY. LTD.,<br><br>          Counterclaim-Plaintiff,<br><br>     v.<br><br>CLS BANK INTERNATIONAL,<br><br>          Counterclaim-Defendant,<br><br>and<br><br>CLS SERVICES LTD.<br>One Harbor Exchange Square<br>London, England, E14 9GE, U.S.<br><br>          Counterclaim-Defendant. | Case No. 07-cv-0974 (RMC) |

## **ORDER**

IT IS HEREBY ORDERED that Plaintiff/Counterclaim-Defendant CLS Bank International ("CLS Bank") and Counterclaim-Defendant CLS Services Ltd., shall have to and including September 12, 2007 to respond to the Counterclaims of Alice Corporation Pty. Ltd.

13121779.DOC

("Alice Corp."), and that CLS Bank shall have to and including September 12, 2007 to respond to the Motion of Alice to Dismiss Count III of the Complaint.

_____
Rosemary M. Collyer
United States District Judge