IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CLS BANK INTERNATIONAL,<br><br>   Plaintiff,<br><br>v.<br><br>ALICE CORPORATION PTY. LTD.,<br><br>   Defendant.<br> | Case No. 07-CV-00974-RMC |
| ALICE CORPORATION PTY. LTD.,<br><br>   Counterclaim-Plaintiff,<br><br>v.<br><br>CLS BANK INTERNATIONAL,<br><br>   Counterclaim-Defendant,<br><br>and<br><br>CLS SERVICES LTD.,<br><br>   Counterclaim-Defendant. | |

**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES
IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS
<u>COUNT III OF THE COMPLAINT</u>**

31528510.DOC

## TABLE OF CONTENTS

Page

PRELIMINARY STATEMENT ........................................................................................... 1

ARGUMENT ........................................................................................................................ 3

I. COUNT III ADEQUATELY ALLEGES INEQUITABLE CONDUCT BY FAILURE TO DISCLOSE MATERIAL INFORMATION RESPECTING THE SWISS INTERBANK CLEARING (SIC) SYSTEM ........................................... 3

    A. Paragraph 32 Complies With The Particularity Requirements Of Fed. R. Civ. P. 9(b) ............................................................................................................ 3

    B. Intent May Be Inferred From The Allegations of Paragraph 32 ........................... 6

II. COUNT III PROPERLY STATES A CLAIM OF INEQUITABLE CONDUCT BY VIRTUE OF ALICE'S FAILURE TO DISCLOSE THAT THE SUBJECT MATTER OF ITS PROPOSED PATENT CLAIM AMENDMENTS WAS NOT INVENTED BY ALICE OR ITS INVENTOR ............................................................... 7

    A. Paragraph 33 States A Claim Of Inequitable Conduct ........................................... 7

    B. Paragraph 33 Complies With The Particularity Requirements of Fed. R. Civ. P. 9(b) ............................................................................................................ 10

    C. Intent May Be Inferred From The Allegations Of Paragraph 33 ........................... 11

III. IN THE ALTERNATIVE, CLS BANK SHOULD BE PERMITTED TO AMEND ITS PLEADING ........................................................................................... 11

CONCLUSION ..................................................................................................................... 13

# TABLE OF AUTHORITIES

## CASES

Page(s)

*Anderson v. USAA Cas. Ins. Co.*,
 221 F.R.D. 250 (D.D.C. 2004) ............................................................................................... 12

*Cargill, Inc. v. Canbra Foods, Ltd.*,
 476 F.3d 1359 (Fed. Cir. 2007) ................................................................................................ 6

*\*Critikon, Inc. v. Becton Dickinson Vascular Access, Inc.*,
 120 F.3d 1253 (Fed. Cir. 1997) ............................................................................................ 6, 7

*Digital Control Inc. v. Charles Mach. Works*,
 437 F.3d 1309 (Fed. Cir. 2006) ................................................................................................ 3

*Ferguson Beauregard/Logic Controls v. Mega Sys.*,
 350 F.3d 1327 (Fed. Cir. 2003) ................................................................................................ 3

*Firestone v. Firestone*,
 76 F.3d 1205 (D.C. Cir. 1996) ............................................................................................... 12

*Foman v. Davis*,
 371 U.S. 178 (1962) ............................................................................................................... 12

*Frank's Casing Crew & Rental Tools, Inc. v. PMR Techs., Ltd.*,
 292 F.3d 1363 (Fed. Cir. 2002) ................................................................................................ 8

*Impax Labs., Inc. v. Aventis Pharms., Inc.*,
 468 F.3d 1366 (Fed. Cir. 2006) ................................................................................................ 6

*\*Intex Rec. Corp. v. Team Worldwide Corp.*,
 390 F. Supp. 2d 21 (D.D.C. 2005) ........................................................................................... 4

*Jones v. Hartford Life & Accident Ins. Co.*,
 443 F. Supp. 2d 3 (D.D.C. 2006) ............................................................................................. 7

*Kingsdown Med. Consultants, Ltd. v. Hollister Inc.*,
 863 F.2d 867 (Fed. Cir. 1988) ............................................................................................. 8-9

*McQueen v. Woodstream Corp.*,
 No. 05-2068, 2007 U.S. Dist. LEXIS 58119 (D.D.C. Aug. 10, 2007) .................................. 12

*Molins PLC v. Textron, Inc.*,
 48 F.3d 1172 (Fed. Cir. 1995) ............................................................................................. 3-4

*PerSeptive Biosystems, Inc. v. Pharmacia Biotech, Inc.*,
    225 F.3d 1315 (Fed. Cir. 2000)..................................................................8, 11

*Quickturn Design Sys. v. Meta Sys.*,
    No. C-96-0881, 1996 U.S. Dist. LEXIS 16887 (N.D. Cal. Oct. 31, 1996) .....................10

*\*Rambus, Inc. v. Infineon Techs. AG*,
    330 F. Supp. 2d 679 (E.D. Va. 2004) ..........................................................8, 9

*Reiffin v. Microsoft Corp.*, 1998 U.S. Dist. LEXIS 10518,
    48 U.S.P.Q.2d 1274 (N.D. Cal. 1998),
    *rev'd on other grounds*, 214 F.3d 1342 (Fed. Cir. 2000) .........................................8

*Stowe Woodward, LLC v. Sensor Prods., Inc.*,
    230 F.R.D. 463 (W.D. Va. 2005)....................................................................4

*Total Containment v. Environ Prods.*,
    921 F. Supp. 1355 (E.D. Pa. 1995),
    *rev'd on other grounds*, 1997 U.S. App. LEXIS 793 (Fed. Cir. Jan. 17, 1997) ..............9

*Trudeau v. FTC*,
    456 F.3d 178 (D.C. Cir. 2006)........................................................................7

*Tyco Healthcare Retail Servs. AG v. Kimberly-Clark Corp.*,
    480 F. Supp. 2d 810 (E.D. Pa. 2007) ..............................................................6

*United States ex rel. Williams v. Martin-Baker Aircraft Co.*,
    389 F.3d 1251 (D.C. Cir. 2004)......................................................................3

*Wyche v. United States*,
    317 F. Supp. 2d 1 (D.D.C. 2004)...................................................................10

## STATUTES

35 U.S.C. § 102(f)...........................................................................................11

Fed. R. Civ. P. 9(b) ..................................................................................3, 4

Fed. R. Civ. P. 15(1) ....................................................................................11

## OTHER

MPEP § 2001.06(c) ....................................................................................11

MPEP § 2004 ...............................................................................................11

Plaintiff CLS Bank International ("CLS Bank") respectfully submits this memorandum in opposition to the motion of Alice Corporation Pty. Ltd. ("Alice") to dismiss Count III of CLS Bank's Complaint, which alleges that Alice's patents are unenforceable due to inequitable conduct before the U.S. Patent Office.[1]

## PRELIMINARY STATEMENT

Alice's motion to dismiss Count III should be denied because CLS Bank's allegations of inequitable conduct sufficiently notify Alice of the claim being made, and intent can be inferred from Alice's knowing withholding of material facts from the U.S. Patent Office ("PTO"). Moreover, Alice's argument concerning a supposed failure to state a claim regarding one aspect of the inequitable conduct pleading is based on a misstatement of CLS Bank's allegations, and a misreading of the patent law.

CLS Bank has alleged, in Count III of the Complaint, two specific instances of knowing failures by Alice to make disclosures of material information to the PTO:

(1) material information respecting the Swiss Interbank Clearing ("SIC") system,[2]

and

(2) that the subject matter of proposed amendments to Alice's patent claims was not invented by Alice or the named inventor of the Alice patents.[3]

---

[1] Pursuant to D.D.C. L.R. 7(c), a proposed order denying Alice's motion to dismiss Count III is attached hereto as Ex. A.

[2] Paragraph 32 of the Complaint alleges: "Alice and or the inventor failed to disclose material prior art to the [PTO] during prosecution of the patent application leading up to issuance of the [Alice Patents], including but not limited to material information known to them respecting the Swiss Interbank Clearing (SIC) system."

[3] Paragraph 33 of the Complaint alleges: "Alice and/or the inventor also sought to amend their patent claims during prosecution, based on information they obtained concerning the CLS System and CLS Service, without disclosing to the PTO that the subject matter

31528510.DOC

As discussed more fully below, the SIC system is a system for settling payment transactions, closely related to the subject of Alice's patents and well known to those in the field. Alice can hardly feign ignorance of the nature of CLS Bank's non-disclosure allegations regarding the SIC system, since Alice disclosed to the patent examiner a specific chapter of a book on payment systems, while omitting from its disclosure another chapter of the same book which specifically described the SIC system that is at issue.

As further discussed below, the branch of Alice's motion that suggests a failure to state a claim is based on a straw man – Alice's incorrect suggestion that one of CLS Bank's inequitable conduct claims is based on "CLS Bank's allegation that Alice amended its patent claims during prosecution to cover the CLS system" (Alice Mem. at 6), which, Alice argues, would be permissible. But that was *not* CLS Bank's allegation. Rather, CLS Bank alleged that Alice and/or its inventor sought to amend their patent claims based on information concerning the CLS System and CLS Service, "without disclosing to the PTO that the subject matter sought in the proposed amendments was not invented by Alice or the named inventor of the Alice patents." (*See* Compl. ¶ 33.) These CLS Bank allegations, partially and incorrectly paraphrased by Alice, properly state a claim for inequitable conduct.

In the event that the Court were to disagree with CLS Bank's position, CLS Bank should be permitted to amend its pleading. CLS Bank can easily allege additional facts to support its inequitable conduct claims, if required to do so.

---

sought in the proposed amendments was not invented by Alice or the named inventor of the Alice patents."

## ARGUMENT

I. **COUNT III ADEQUATELY ALLEGES INEQUITABLE CONDUCT BY FAILURE TO DISCLOSE MATERIAL INFORMATION RESPECTING THE SWISS INTERBANK CLEARING (SIC) SYSTEM**

CLS Bank's claim of inequitable conduct in ¶ 32 of the Complaint, respecting non-disclosure of material information concerning the Swiss Interbank Clearing (SIC) system, complies with the particularity requirements of Fed. R. Civ. P. 9(b). Alice has more than enough information to formulate a response. Moreover, intent can and should be inferred from CLS Bank's allegations.

   A.  **Paragraph 32 Complies With The Particularity Requirements Of Fed. R. Civ. P. 9(b)**

Rule 9(b) requires that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." Fed. R. Civ. P. 9(b).[4] However, "[m]alice, intent, knowledge, and other condition of mind . . . may be averred generally." *Id.* As Alice recognizes, the goal of Rule 9(b) is simply to ensure that defendant "has sufficient information to formulate a response." (*See* Alice Mem. at 3, citing *United States ex rel Williams v. Martin-Baker Aircraft Co.*, 389 F.3d 1251, 1256 (D.C. Cir. 2004)).

There is no dispute that the failure to disclose material prior art to the PTO during prosecution of a patent may amount to inequitable conduct, rendering the patent unenforceable. *See, e.g., Digital Control Inc. v. Charles Mach. Works*, 437 F.3d 1309, 1318 (Fed. Cir. 2006) ("[I]nequitable conduct may . . . be found where a patentee has failed to disclose material information, such as a prior art reference, to the PTO."); *Molins PLC v. Textron, Inc.*, 48 F.3d

---

[4] It is not yet established whether Rule 9(b) applies to inequitable conduct claims. In asserting that it does, Alice relies only on *dictum* in *Ferguson Beauregard/Logic Controls v. Mega Sys.*, 350 F.3d 1327, 1344 (Fed. Cir. 2003). However, regardless of whether Rule 9(b) should be applied, the allegations of Count III meet its requirements.

1172, 1182 (Fed. Cir. 1995) (affirming district court's finding of inequitable conduct based on failure to disclose a material prior art reference).

A claim of inequitable conduct based on the failure to disclose material information to the PTO is properly pled under Rule 9(b) where the pleading describes the "nature" of the information which was not disclosed, "the operative time and place" and, "at least in general terms, the perpetrator" of the failure to disclose. *Intex Rec. Corp. v. Team Worldwide Corp.*, 390 F. Supp. 2d 21, 24 (D.D.C. 2005). Thus, in *Intex*, a case on which Alice relies, a claim of inequitable conduct was held to be sufficiently pled where that allegation stated the "nature" of the withheld information (a particular patent), and the fact that the information was withheld by the inventor during prosecution of the patents in suit. *Id.* at 25.

Here, as in *Intex*, ¶ 32 of the Complaint describes the nature of what Alice failed to disclose – "material information relating to the Swiss Interbank Clearing (SIC) system." It also discloses the "operative time and place" – "during prosecution" before the PTO of the Alice patents, and the "perpetrator" – "Alice and/or the inventor."

The holdings cited by Alice are inapposite. (*See* Alice Mem. at 4.) In those cases, unlike here, the pleading was found inadequate because the characterization of information withheld from the PTO was overly broad, and not limited to a particular system or subject matter. For example, in *Intex*, the court held a pleading insufficient where it alleged only that the patentee failed to disclose "material prior art" and "submitted false information." *Intex*, 390 F. Supp. 2d at 24. Likewise, in *Stowe Woodward, LLC v. Sensor Prods., Inc.*, the plaintiff alleged only that the defendant failed to disclose "industry publications or products, including at least those of Interlink." 230 F.R.D. 463, 466 (W.D. Va. 2005).

Here, however, the allegations in ¶ 32 of the Complaint are sufficient to give Alice notice of the misconduct alleged, and to allow Alice to formulate a meaningful response. Alice is hardly "forced to guess" what prior art it failed to disclose (Alice Mem. at 4); it knows very well what is at issue, and it will not be "forced to search for" all public material referring to the SIC system to determine what CLS Bank is referring to in ¶ 32. The SIC system is a system for settling payment transactions – the very subject matter of the Alice patents. The SIC system is well known to banking professionals and persons familiar with transaction settlement systems. It has been operating in Switzerland since at least 1989, years before the first application that led to the Alice patents was filed. Moreover, there is strong evidence directly in the patent prosecution record that Alice and/or its inventor were specifically aware of the SIC system during prosecution of the patents, and consciously chose not to disclose important information about it. During prosecution of U.S. Patent Nos. 6,912,510 ("'510 patent") and 7,149,720 ("'720 patent"), they disclosed to the PTO Chapter 11 of a book entitled *Payment Systems in Eleven Developed Countries* (3d ed. 1989). (*See* '510 patent (Countercl. Ex. B) at 4; '720 patent (Countercl. Ex. C) at 3.) That chapter discusses a U.S. system for settling banking transactions, known as The Clearing House Interbank Payments System ("CHIPS"). However, *Chapter 9 of the very same book – which was not disclosed to the PTO -- discusses the SIC system in substantial detail.* In fact, Chapter 9 discloses each and every element of, at least, the broadest claims of the Alice patents. Had Alice provided the PTO with Chapter 9, it is likely that the patent claims would never have issued.[5]

---

[5] Although not necessary, CLS Bank could, of course, include the foregoing detail in an amended pleading.

Alice does not need to search the world to find the SIC prior art that it failed to disclose. Defendant's counsel need only ask Alice's inventor for the SIC chapter in the same book from which he chose to disclose only Chapter 11.

### B. Intent May Be Inferred From The Allegations of Paragraph 32

To hold a patent unenforceable due to inequitable conduct, the patent applicant must have (1) made an affirmative misrepresentation of material fact, failed to disclose material information, or submitted false material information, and (2) intended to deceive or mislead the PTO. *Impax Labs., Inc. v. Aventis Pharms., Inc.*, 468 F.3d 1366, 1374 (Fed. Cir. 2006). Alice contends that the inequitable conduct claim based on ¶ 32 of the Complaint should be dismissed because it does not expressly allege the intent element. (*See* Alice Mem. at 2-3, 5.)[6]

Alice is wrong, because intent may be inferred "where a patent applicant knew or should have known that withheld information would be material to the PTO." *Tyco Healthcare Retail Servs. AG v. Kimberly-Clark Corp.*, 480 F. Supp. 2d 810, 812 (E.D. Pa. 2007) (citing *Cargill, Inc. v. Canbra Foods, Ltd.*, 476 F.3d 1359, 1366 (Fed. Cir. 2007)); *Critikon, Inc. v. Becton Dickinson Vascular Access, Inc.*, 120 F.3d 1253, 1256 (Fed. Cir. 1997) (inferring intent based on failure to disclose prior art where prior art was relevant to the novelty of the claimed invention and where patentees were aware of the prior art's existence). CLS Bank has sufficiently alleged facts in ¶ 32 from which intent may be inferred.

---

[6] To read Alice's brief, one would believe that CLS Bank must *prove* intent in its Complaint. That is not the law. By citing cases concerning the proof that is required of CLS Bank at trial to prevail on its claim of inequitable conduct, it is clear that Alice has confused the burden placed on CLS Bank at the pleading stage with the very distinct burden imposed at trial. Each case on which Alice relies, (*see* Alice Mem. at 5), is cited for its discussion of the proof required at trial of a party seeking to prevail on an inequitable conduct claim. None of these cases address the issue of whether a party alleging inequitable conduct needs to expressly allege intent to deceive or mislead the PTO.

Paragraph 32 alleges that Alice and/or Mr. Shepherd intended to deceive or mislead the PTO when they failed to disclose "material information known to them respecting the [SIC] system." In *Critikon*, the Federal Circuit inferred intent from the following facts: (1) the patentee was aware of the prior art alleged to have been withheld; (2) and the patentee was aware or should have been aware that the prior art was material in that it was relevant to a point of novelty during prosecution. 120 F.3d at 1256. Similarly here, the required intent to deceive the PTO may be inferred from the allegations that (1) the information withheld by Alice was "material" and (2) its materiality was "known" to Alice. (Compl. ¶ 32.) *See also Jones v. Hartford Life & Accident Ins. Co.*, 443 F. Supp. 2d 3, 5 n.1 (D.D.C. 2006) ("In evaluating a motion to dismiss, the court must construe the complaint in a light most favorable to the plaintiff and must accept as true all reasonable factual inferences drawn from the plaintiff's well-pleaded factual allegations."); *Trudeau v. FTC*, 456 F.3d 178, 193 (D.C. Cir. 2006) (same).

## II. COUNT III PROPERLY STATES A CLAIM OF INEQUITABLE CONDUCT BY VIRTUE OF ALICE'S FAILURE TO DISCLOSE THAT THE SUBJECT MATTER OF ITS PROPOSED PATENT CLAIM AMENDMENTS WAS NOT INVENTED BY ALICE OR ITS INVENTOR

CLS Bank's claim of inequitable conduct in ¶ 33 of the Complaint, respecting failure to disclose that the subject matter of its proposed claim amendments was not invented by Alice or its inventor, states a proper claim for relief. Alice's argument regarding the permissibility of amending claims to cover a competitor's product is irrelevant, because that is not the basis of CLS Bank's claim. Alice's Rule 9(b) objections to this claim are also without merit.

### A. Paragraph 33 States A Claim Of Inequitable Conduct

Alice contends that CLS Bank's claim based on ¶ 33 should be dismissed because amendment of claims to cover a competitor's product is permissible, and that accordingly, CLS Bank's supposed allegation to that effect cannot support a claim of inequitable conduct. (*See*

Alice Mem. at 6.) Alice's argument misstates CLS Bank's claim, and ignores the language of ¶ 33. CLS Bank actually alleges not only that Alice broadened its claims based on information it obtained concerning CLS Bank's activities, but also that Alice failed to disclose that it *did not invent* the subject matter of those amended claims.

The Federal Circuit has repeatedly held that an applicant's failure to disclose to the PTO that he/she is not the inventor of claimed subject matter amounts to inequitable conduct. *See PerSeptive Biosystems, Inc. v. Pharmacia Biotech, Inc.*, 225 F.3d 1315, 1321 (Fed. Cir. 2000) (affirming district court's finding of inequitable conduct where the patentee's "omissions [to the PTO] were calculated to 'obfuscate[] the threshold issue of inventorship'"); *see also Frank's Casing Crew & Rental Tools, Inc. v. PMR Techs., Ltd.*, 292 F.3d 1363, 1377 (Fed. Cir. 2002) (patent unenforceable due to inequitable conduct where two named inventors deliberately concealed a true inventor's involvement in the conception of the invention).

Defendant's reliance on *Kingsdown Med. Consultants, Ltd. v. Hollister Inc.*, 863 F.2d 867 (Fed. Cir. 1988) is misplaced. Indeed, in quoting *Kingsdown* for the proposition that a patentee may amend claims during prosecution to cover a competitor's product, Alice leaves out the court's caveat that "[a]ny such amendment . . . must comply with *all statutes and regulations*", *id.* at 874, which necessarily includes PTO regulations regarding an applicant's duty to disclose information about inventorship.

As the court held in *Rambus, Inc. v. Infineon Techs. AG*, 330 F. Supp. 2d 679, 693 (E.D. Va. 2004), "[t]he rule of *Kingsdown* cannot reasonably be extended to mean that it is appropriate or lawful to amend a pending patent application to secure patents" when doing so would violate other laws. *See Reiffin v. Microsoft Corp.*, 1998 U.S. Dist. LEXIS 10518 at *17-19, 48 U.S.P.Q.2d 1274 (N.D. Cal. 1998), *rev'd on other grounds*, 214 F.3d 1342 (Fed. Cir. 2000)

(citing *Kingsdown*; finding that "section 112 [of the Patent Code] . . . is one such statute" that must be complied with when amending patent claims to cover a competitor's product); *Total Containment v. Environ Prods.*, 921 F. Supp. 1355, 1383 (E.D. Pa. 1995), *rev'd on other grounds*, 1997 U.S. App. LEXIS 793 (Fed. Cir. Jan. 17, 1997) (citing *Kingsdown*; finding that claim 19 did not "comply with all statutes and regulations" because it was submitted in violation of 35 U.S.C. § 305).

In *Rambus*, an accused infringer alleged, *inter alia*, as a defense to patent infringement claims, that the patentee "used information learned [about third party standards] to guide its patent prosecution to cover technologies that it did not actually invent." 330 F. Supp. 2d at 694 n.22. (*Compare* Compl. ¶ 33) ("Alice and/or the inventor . . . sought to amend their patent claims during prosecution, based on information they obtained [about a third party] without disclosing to the PTO that the subject matter sought in the proposed amendments was not invented by . . . the named inventor of the Alice patents.") The court held that the rule of *Kingsdown* did not prevent the accused infringer from asserting a defense based on these allegations because "*Kingsdown* thus does not foreclose consideration of the effect of the genesis of the idea [embodied in amended claims] together with evidence of other conduct . . . that is unlawful under applicable statutes." *Rambus*, 330 F. Supp. 2d at 692, 694 n.22.

Here, the defense of inequitable conduct asserted in ¶ 33 of CLS Bank's Complaint is based on allegations of unlawful conduct in addition to the inventor's amendment of his claims -- he also failed to disclose to the PTO that he did not invent the subject matter of those amendments. As in *Rambus*, and for the same reason, this defense is not foreclosed by *Kingsdown*.

### B. Paragraph 33 Complies With The Particularity Requirements of Fed. R. Civ. P. 9(b)

Alice also incorrectly claims that the ground of inequitable conduct set out in ¶ 33 of the Complaint does not comply with Rule 9(b).

As an initial matter, Alice's argument merely lumps ¶¶ 32 and 33 into a conclusory sentence that these paragraphs "fall far short of the particularity required to sustain [a claim of inequitable conduct]" (*see* Alice Mem. at 3), and offers no further argument in this regard respecting ¶ 33.[7] For this reason alone, Alice's assertion should be rejected. *See e.g., Wyche v. United States*, 317 F. Supp. 2d 1, 3-4 (D.D.C. 2004) (denying petitioner's motion "because he presents no argument supporting his conclusory allegation"); *Quickturn Design Sys. v. Meta Sys.*, No. C-96-0881, 1996 U.S. Dist. LEXIS 16887, at *5 (N.D. Cal. Oct. 31, 1996) (denying motion where "plaintiff's brief argument is conclusory and fails to provide any facts supporting this assertion").

In any event, Alice's assertion also lacks merit because ¶ 33 complies with Rule 9(b). CLS Bank's allegation of inequitable conduct in ¶ 33 discloses the "nature," "time and place" and "perpetrator" of the alleged failure to disclose material information regarding Alice's amended claims. *See supra* at § I(A). Specifically, ¶ 33 alleges that the "nature" of the information was Alice's and/or the inventor's failure to disclose that he did not invent subject matter sought in proposed amendments, the "operative time and place" was during prosecution before the PTO of the Alice patents, particularly when amended claims were sought, and the "perpetrator" was Alice and/or the inventor of the Alice patents.

---

[7] Alice's only supporting specificity argument relates to the description in ¶ 32 of prior art withheld from disclosure by Alice. (*See* Alice Mem. at 4-5.)

### C. Intent May Be Inferred From The Allegations Of Paragraph 33

Alice's assertion that ¶ 33's inequitable conduct claim should be dismissed because intent was not expressly pled (*see* Alice Mem. at 2-3, 5) fails because, as previously discussed, intent may be inferred from an applicant's knowledge of the materiality of the information he failed to disclose. *See supra* at § I(B). Intent may be inferred here because Alice knew or should have known that the information it withheld — that it *did not invent* claimed subject matter of its proposed amended claims — was material to the PTO.

Issues related to inventorship are *always* material to the PTO. Simply put, a person may not obtain a patent if "he did not himself invent the subject matter sought to be patented." 35 U.S.C. § 102(f); *see also PerSeptive*, 225 F.3d at 1321 ("As a critical requirement for obtaining a patent, inventorship is material."). The Manual of Patent Examining Procedure ("MPEP") — the PTO's guide to practice — specifically states that information about inventorship is material to patentability, and that such information must be disclosed. *See* MPEP § 2001.06(c) (inventorship disputes are material information); MPEP § 2004 (suggesting that applicants carefully consider inventorship in the duty to disclose context).

The fact that Mr. Shepherd did not invent the subject matter of his proposed amended claims, as alleged in ¶ 33, was highly material information that should have been disclosed to the PTO. It can be inferred from the materiality of this information that Alice and/or Mr. Shepherd intended to deceive or mislead the PTO when they failed to disclose it during prosecution of the Alice patents. *See supra* at § I(B).

### III. IN THE ALTERNATIVE, CLS BANK SHOULD BE PERMITTED TO AMEND ITS PLEADING

In the event that the Court were to disagree with CLS Bank's position in Points I and II above, CLS Bank should be permitted to replead Count III, pursuant to Fed. R. Civ. P. 15(a).

Leave to amend should be "freely given" except where the party requesting such leave shows "undue delay, bad faith, or dilatory motive . . ., repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962). Leave to amend is particularly appropriate where a claim is dismissed under Rule 9(b). *See McQueen v. Woodstream Corp.*, No. 05-2068, 2007 U.S. Dist. LEXIS 58119, at *21 (D.D.C. Aug. 10, 2007) ("Where a pleading does not satisfy the heightened requirements of Rule 9(b), the court should freely grant leave to amend); *Firestone v. Firestone*, 76 F.3d 1205, 1209 (D.C. Cir. 1996) (recognizing that courts almost always grant leave to amend to cure deficiencies in pleading fraud); *Anderson v. USAA Cas. Ins. Co.*, 221 F.R.D. 250, 255 (D.D.C. 2004) (same).

None of the factors that might justify denial of leave to replead are present here. CLS Bank has never before sought to amend its Complaint, and, given the early stage of the litigation, there would be no prejudice to defendant from such an amendment. An amendment would certainly not be futile here. While CLS Bank respectfully submits that its original pleading of Count III was sufficient, if the Court believes that greater pleading specificity is required for Count III, CLS Bank would readily provide it here, including the more specific identification of prior art in ¶ 32 (as discussed *supra* at § I(A)), and/or a listing of the claim amendments at issue in ¶ 33 (as discussed *supra* at § I(B)). If the Court thought that intent could not be inferred from the existing pleading, CLS Bank would also expressly allege that Alice and/or Mr. Shepherd intended to deceive or mislead the PTO.

## CONCLUSION

For all of the foregoing reasons, Alice's motion to dismiss Count III of CLS Bank's Complaint should be denied.

Dated: September 12, 2007

Respectfully submitted,

*/s/ David Bickart*

David O. Bickart (Bar # 355313)
KAYE SCHOLER LLP
901 Fifteenth Street, N.W.
Washington, DC 20005-2327
(202) 682-3503

Of Counsel:

William A. Tanenbaum (WT-9960)
Steven J. Glassman (SG-1616)
Stephen J. Elliott (SE-5437)
KAYE SCHOLER LLP
425 Park Avenue
New York, NY 10022-3598
(212) 836-8000

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CLS BANK INTERNATIONAL,<br><br>   Plaintiff,<br><br>v.<br><br>ALICE CORPORATION PTY. LTD.,<br><br>   Defendant.<br><br>ALICE CORPORATION PTY. LTD.,<br><br>   Counterclaim-Plaintiff,<br><br>v.<br><br>CLS BANK INTERNATIONAL,<br><br>   Counterclaim-Defendant,<br><br>and<br><br>CLS SERVICES LTD.,<br><br>   Counterclaim-Defendant. | Case No. 07-CV-00974-RMC |

**[PROPOSED] ORDER DENYING DEFENDANT ALICE CORPORATION PTY. LTD.'S MOTION TO DISMISS COUNT III OF THE COMPLAINT**

Upon consideration of defendant Alice Corporation Pty. Ltd.'s motion to dismiss Count III of the Complaint and all papers filed in support and opposition thereto, and for good cause shown, it is hereby

**ORDERED** that Defendant Alice Corporation Pty. Ltd.'s Motion to Dismiss Count III of the Complaint is **DENIED**.

**SO ORDERED.**

Dated: _____          _____
                                          Judge Rosemary M. Collyer

Copies to:

Paul M. Wolff, Esq.
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, DC 20005

Mark F. Evens, Esq.
STERNE, KESSLER, GOLDSTEIN & FOX P.L.L.C.
1100 New York Avenue, N.W.
Washington, DC 20005

David O. Bickart, Esq.
KAYE SCHOLER LLP
901 Fifteenth Street, N.W.
Washington, DC 20005-2327