## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CLS BANK INTERNATIONAL,<br><br>Plaintiff,<br><br>v.<br><br>ALICE CORPORATION PTY. LTD.,<br><br>Defendant. | Case No. 07-CV-00974-RMC |
| ALICE CORPORATION PTY. LTD.,<br><br>Counterclaim-Plaintiff,<br><br>v.<br><br>CLS BANK INTERNATIONAL,<br><br>Counterclaim-Defendant,<br><br>and<br><br>CLS SERVICES LTD.,<br><br>Counterclaim-Defendant. | |

## JOINT REPORT PURSUANT TO FED. R. CIV. P. 26(f)
## AND LOCAL CIVIL RULE 16.3(d)

CLS Bank International ("CLS Bank") and CLS Services Ltd. ("CLS Services UK") (collectively "CLS"), and Alice Corporation Pty. Ltd. ("Alice"), having held meetings of counsel pursuant to Fed. R. Civ. P. 26(f) and Local Civil Rule 16.3, respectfully submit this Joint Report of those meetings.

CLS Bank v. Alice -- Final Rule 26(f) Report.doc

## I.    GENERAL DESCRIPTION OF THE CASE

This is an action brought by CLS Bank against Alice for a declaratory judgment of patent non-infringement, invalidity and unenforceability under the U.S. Patent Laws, Title 35 U.S.C. § 100 *et seq.* Alice has filed counterclaims against CLS Bank and CLS Services UK alleging patent infringement.

Alice is an Australian corporation which alleges that it owns three U.S. patents: U.S. Patent Nos. 5,970,479, 6,912,510 and 7,149,720 (collectively, the "Alice Patents"). CLS Bank is an "Edge Act Corporation," organized under Section 25A of the Federal Reserve Act, as amended, and is authorized by statute to engage in international banking activities. CLS Services UK is a private limited company organized under the laws of the United Kingdom and Wales, with offices in the United Kingdom.

## II.    PENDING MOTIONS

Alice has filed a motion to dismiss Count III of CLS Bank's Complaint on the ground, *inter alia*, that it fails to plead patent unenforceability due to inequitable conduct with specificity. This motion is fully briefed.

CLS Bank and CLS Services UK have filed a motion to dismiss, or alternatively, for summary judgment as to all counts of Alice's Counterclaims, on the ground that the counterclaims fail to state a claim or, alternatively, because neither CLS Bank nor CLS Services UK performs any accused activity within the United States that could possibly infringe the Alice Patents. Currently, this motion is expected to be fully briefed on October 15, 2007.

## III.    STATEMENT PURSUANT TO LOCAL CIVIL RULE 16.3(d)

The parties have conferred and discussed the matters provided for in Federal Rule 26(f) and Local Civil Rule 16.3(c) and disagree in a variety of areas regarding the scope and timing of discovery.

**Plaintiff/Counterdefendants' Position:** CLS Bank and CLS Services UK believe that discovery, including initial disclosures, should await a decision on their motion to dismiss, or alternatively, for summary judgment. As a matter of law, and as discussed more fully in CLS Bank and CLS Services UK's motion papers, infringement of a U.S. patent can only take place in the U.S. Here, Alice's counterclaims contain no allegations whatsoever as to what U.S. activities of CLS Bank or CLS Services UK infringe the Alice patents. A decision on the motion to dismiss will either end the proceeding or narrowly circumscribe the issues for discovery. Alternatively, if the Court converts the motion to dismiss to one for summary judgment and grants discovery, CLS Bank and CLS Services UK believe that any discovery should be limited to the threshold question of whether any systems or methods that Alice may allege to be infringing are located or performed in the United Kingdom, beyond the territorial reach of the U.S. patent laws. As explained CLS Bank's and CLS Services UK's papers on the motion to dismiss, the additional discovery sought by Alice is not, as a matter of law, relevant to this fundamental question.

**Defendant/Counterplaintiff's Position:** As set forth in Alice's Opposition to CLS's Motion to Dismiss or, Alternatively, for Summary Judgment, Alice's counterclaims are well pled and Alice need not allege the detail CLS is requesting to state a claim. Further, as set forth in the Rule 56(f) affidavit accompanying Alice's Opposition, Alice believes that discovery regarding the design, function, processes, ownership, control, beneficial use and location of the CLS System and all of its components is necessary prior to any resolution of the issues raised by CLS's motion for summary judgment, as each of these factors is relevant to the question of infringement. CLS should not be permitted to limit discovery to a topic of its choosing, particularly when its definition of that topic precludes inquiry into relevant factors. Alice,

therefore, proposes that discovery commence thirty days after the Rule 16 Scheduling

Conference in this case and proceed as described below.

### A.    Areas of Agreement

- The parties agree that the case should not be assigned to a magistrate judge for trial.

- The parties presently agree that settlement is unlikely and that the action would not benefit from ADR.

- The parties agree that, should discovery go forward, a protective order will be necessary. Such a protective order would be drafted, in the first instance, by counsel for CLS Bank and CLS Services UK. The protective order would include a provision allowing the parties to <u>request the return</u> of inadvertently produced privileged documents.

- The parties agree that the Court should not set a date for the pretrial conference or for trial at this time and should not provide a firm trial date until the pretrial conference.

### B.    Areas of Disagreement

### 1.    Dispositive Motions and Possible Deferral of Discovery

**Plaintiff/Counterdefendants' Position:**  CLS Bank and CLS Services UK believe that

this case is likely to be disposed of by their motion to dismiss, or alternatively for summary

judgment, and that discovery should await a decision on the motion.

If the Court is inclined to convert the motion into one for summary judgment and to

permit discovery, such discovery should be limited to the threshold issue of whether any systems

or methods that Alice may allege to be infringing are located or performed in the United

Kingdom, beyond the territorial reach of the U.S. patent laws.

Alice's recently submitted Rule 56(f) affidavit and related memorandum unreasonably

seeks a fishing expedition and broad discovery which is inappropriate and unnecessary to resolve

the narrow threshold issue presented by CLS Bank and CLS Services UK's motion.

**Defendant/Counterplaintiff's Position:** Alice believes that CLS's alternative motion for summary judgment is premature (for the reasons stated in Alice's Opposition). Having sued Alice, CLS now seeks to limit discovery to a topic of its choosing, and, despite the breadth of the issues addressed in the Declaration submitted in support of CLS's motion for summary judgment, now accuses Alice of engaging in a fishing expedition by requesting information sufficient to oppose CLS's motion for summary judgment. The Court should not endorse these fundamentally unfair tactics. Alice does not believe that it is necessary to formally limit or phase discovery in this case. Any issues as to the breadth or burden of discovery should be addressed in the normal course of the litigation.

Should the Court determine that phasing discovery is in some way appropriate based on CLS's motion, the limitations on discovery proposed by CLS are unworkable, as discussed more fully in Alice's Opposition and the accompanying Rule 56(f) affidavit. CLS's contention that the sole dispositive factor in this case is the physical location of the servers and computers that run the CLS System is unsupported by the law. Alice would require discovery on all of the topics raised by the declaration submitted by CLS in support of its motion for summary judgment, including the design, function, processes, ownership, control and beneficial use of the CLS System, in addition to the location of all of its physical components.

### 2. Deadline for Joinder, Amendment of Pleadings and Narrowing of Factual/Legal Issues

**Plaintiff/Counterdefendants' Position:** CLS Bank and CLS Services UK believe that a deadline for amendment of pleadings should not be set at this time, as the parties cannot determine what, if any, issues may remain in the case, or what if any additional pleadings or parties may be necessary, until after a decision on the pending motions.

**Defendant/Counterplaintiff's Position:** Alice proposes that any motion for joinder of additional parties and amendments of pleadings shall be filed no later than six (6) months following commencement of discovery, absent exceptional circumstances.

3.    **Initial Disclosures**

**Plaintiff/Counterdefendants' Position:** CLS Bank and CLS Services UK believe that the exchange of initial disclosures should be postponed at least until after a decision on their motion to dismiss or, alternatively, for summary judgment. Resolution of that motion is likely, at a minimum, to limit and simplify the issues, if any, on which discovery may be necessary.

If the Court grants discovery relating to the motion, initial disclosures should at this stage be limited to the narrow issue raised by the motion -- namely, whether any systems or methods that Alice may allege to be infringing are located or performed in the United Kingdom, beyond the territorial reach of the U.S. patent laws.

Alice states that it is "willing to comply with Rule 26(a)(1) and provide its initial disclosures within two weeks." However, this gesture is effectively meaningless because Alice, which is essentially a patent holding company that does not make or use the systems or methods it has patented, has very limited documents and few if any employees to disclose beyond the named "inventor" in its patents. To the extent that Alice focuses, below, on potential initial disclosures directed to the subject of CLS Bank and CLS Services UK's motion to dismiss, Alice's proposed scope of such initial disclosures is overly broad and unnecessary, as a matter of law, to deal with the potentially dispositive threshold issue raised by the pending motion to dismiss.

**Defendant/Counterplaintiff's Position:** Alice was willing to comply with Rule 26(a)(1) and provide its initial disclosures within two weeks of the Rule 26(f) Conference. CLS, after suing Alice, now complains that Alice will have an easier time complying with its obligations

under Rule 26(a)(1) and that therefore these obligations should be put off. Given CLS's

objection to exchanging initial disclosures in accordance with the Rule, Alice proposes that

initial disclosures be exchanged no later than fourteen (14) days following the Rule 16

Scheduling Conference.

Should the Court determine that limiting discovery is in some way appropriate based on

CLS's motion, the limitations on discovery proposed by CLS are unworkable, as discussed more

fully in Alice's Opposition and the accompanying Rule 56(f) affidavit. CLS's contention that

the sole dispositive factor in this case is the physical location of the servers and computers that

run the CLS System is unsupported by the law. Alice would expect CLS to provide initial

disclosures on all of the topics raised by the declaration submitted by CLS in support of its

motion for summary judgment, including the design, function, processes, ownership, control and

beneficial use of the CLS System, in addition to the location of all of its physical components.

### 4.     Scope and Timing of Discovery

**Plaintiff/Counterdefendants' Position:** CLS Bank and CLS Services UK believe that

the scope and timing of, and the limitations that should be placed on, discovery cannot be

realistically determined until the pending motions are decided. If the Court were inclined to

convert the motion to dismiss into one for summary judgment and permit discovery, CLS Bank

and CLS Services UK believe that discovery on the threshold issue raised by the motion can be

completed in three (3) months, provided that appropriate limits are placed on the scope of that

discovery.

Alice proposes a confusing discovery schedule, with overlapping and conflicting dates

for general discovery and "with respect to patent matters," that is pointless at this stage of the

proceedings, while a case-dispositive motion raising a threshold issue is pending. Moreover,

Alice's proposal of, *inter alia*, a year for fact discovery, 90 days for expert discovery, and a

partially overlapping year for "patent matters" (see below) -- which was not even presented to CLS Bank and CLS Services UK for comment until the day before this Report was due -- is not based on any realistic assessment of the scope of discovery and the needs of the case. For example, Alice proposes to wait at least seven months before making an "Initial Disclosure of Asserted Claims" -- information that Alice should preferably have set forth in its counterclaims, and which should in any event precede and guide discovery, not follow it. Moreover, other patent matters sought to be addressed in Alice's complex proposal are more appropriately the subject of interrogatories than a scheduling order. CLS Bank and CLS Services UK respectfully submit that an extended discovery schedule should only be discussed after disposition of the pending motion to dismiss, and that it should be focused on addressing whatever claims, if any, remain at that time.

  **Defendant/Counterplaintiff's Position:**  As set out in Alice's Opposition to CLS's motion and the accompanying affidavit, Alice does not believe that discovery should be limited or phased in any way. As CLS refused to engage in a substantive discussion of any proposed schedule, based on its pending motion, the complaints about Alice's proposed schedule set out below ring hollow.  Alice proposes the following schedule:

*With Respect to Discovery:*

- Initial disclosures within fourteen (14) days of the Rule 16 scheduling conference.

- Discovery commences within thirty (30) days of the Rule 16 scheduling conference.

- Document discovery completed by within six months of the scheduling conference.

- Discovery other than expert discovery completed within one year of the scheduling conference.
- Rule 26(a)(2) expert disclosures as to matters which the proposing party bears the burden of proof will be made thirty (30) days after the close of discovery.
- Rule 26(a)(2) expert disclosures as to all proposed expert witnesses not previously identified will be made sixty (60) days after the close of discovery.
- Expert discovery, including depositions, completed within ninety (90) days of the close of discovery.

*With Respect to Patent Matters:*

- Within thirty (30) days of the close of document discovery, Alice shall file and serve an Initial Disclosure of Asserted claims, a claim chart, and produce or make available for inspection and copying any of the documents specified therein.
- Within thirty (30) days of the close of document discovery, CLS shall file and serve an Initial Disclosure of Prior Art, describing any prior art CLS claims anticipates the claims or renders them obvious, and a responsive claim chart – including the identity of prior art alleged to anticipate the claims or renders them obvious, where within the prior art each element of the claim is found, any other grounds of invalidity, and the date and document reference number of each opinion of counsel upon which CLS relies to support a defense to the willfulness allegations – and must produce or make available for inspection and copying any of the documents specified therein.
- By July 15, 2008, Alice shall file and serve a Proposed Claim Construction Statement, including identification of any special or uncommon meanings of

words or phrases in the claim, references from the specification that support, describe, or explain each element of the claim, all material in the prosecution history that describes or explains each element of the claim, and any extrinsic evidence that supports the proposed construction of the claim.

- By August 15, 2008, CLS shall file and serve a Responsive Proposed Claim Construction Statement, including identification of any special or uncommon meanings of words or phrases in the claim, references from the specification that support, describe, or explain each element of the claim, all material in the prosecution history that describes or explains each element of the claim, and any extrinsic evidence that supports the proposed construction of the claim.

- By September 1, 2008, the parties shall meet and confer for the purpose of preparing a Joint Claim Construction Statement.

- By October 1, 2008, the parties shall file a Joint Claim Construction Statement.

- By February 1, 2009, Alice shall file and serve an opening brief with supporting evidence and identification of any proposed *Markman* hearing witnesses.

- By March 1, 2009, CLS shall file and serve a responsive brief with any supporting evidence and identification of any proposed *Markman* hearing witnesses.

- By April 1, 2009, Alice shall file and serve any reply brief and supporting evidence directly rebutting CLS's supporting evidence and identification of any proposed *Markman* hearing rebuttal witnesses.

- A claim construction hearing shall occur on May 1, 2009 (and/or such other dates as may be necessary).

- Any dispositive motion shall be filed no later than 30 days after the Court's ruling on claim construction issues.

Alice's proposed schedule is realistic and allows the parties to focus their efforts and resolve the case in a timely fashion.

Should the Court determine that phasing discovery in some way is appropriate, the limitations on discovery proposed by CLS are unworkable, as discussed more fully in Alice's opposition and the accompanying Rule 56(f) affidavit. CLS's contention that the sole dispositive factor in this case is the physical location of the servers and computers that run the CLS System is unsupported by the law. Alice would require discovery on all of the topics raised in its Rule 56(f) affidavit, including the design, function, processes, ownership, control and beneficial use of the CLS System, in addition to the location of all of its physical components. Alice anticipates that it would take substantially more than three months to conduct discovery on these topics.

5. **Expert Witness Reports and Information Pursuant to Rule 26(a)(2)**

**Plaintiff/Counterdefendants' Position:** CLS Bank and CLS Services UK believe that whether expert discovery is needed is contingent on resolution of its pending motion to dismiss or, alternatively, for summary judgment. If expert discovery is necessary, CLS Bank and CLS Services UK do not believe that the Rule 26(a)(2) requirements should be modified.

**Defendant/Counterplaintiff's Position:** Alice does not believe that modification of the Rule is necessary at this time and proposes expert discovery as outlined above in its response to Part III.B.4.

6. **Bifurcation of Trial and/or Discovery**

**Plaintiff/Counterdefendants' Position:** CLS Bank and CLS Services UK believe that, if their motion to dismiss were to be denied and discovery permitted, then such discovery should be bifurcated and managed in phases. First, initial discovery should only proceed on the

threshold issue discussed above. In the event that their alternative motion for summary judgment based on the extraterritoriality issues were to be denied, CLS Bank and CLS Services UK believe that trial and/or discovery should be bifurcated or managed in additional stages -- in particular, discovery on damages and willful infringement should be deferred until after discovery on infringement, patent validity and patent enforceability.

**Defendant/Counterplaintiff's Position:** Alice opposes bifurcation of discovery and trial. There is no need to conduct trial or discovery in the piecemeal fashion advocated by CLS. Should the Court determine that phasing discovery in some way is appropriate based on CLS's motion, the limitations on discovery proposed by CLS are unworkable, as discussed more fully in Alice's opposition and the accompanying Rule 56(f) affidavit. CLS's contention that the sole dispositive factor in this case is the physical location of the servers and computers that run the CLS System is unsupported by the law. Alice would require discovery on all of the topics raised in its Rule 56(f) affidavit, including the design, function, processes, ownership, control and beneficial use of the CLS System, in addition to the location of all of its physical components.

## IV.    OTHER MATTERS

At this time, the parties do not foresee other matters that need to be included in a scheduling order.

Dated:  October 9, 2007

Respectfully submitted,

David O. Bickart (Bar # 355313)
KAYE SCHOLER LLP
901 Fifteenth Street, N.W.
Washington, DC  20005-2327
(202) 682-3503

William A. Tanenbaum (WT-9960)
Steven J. Glassman (SG-1616)
Stephen J. Elliott (SE-5437)
KAYE SCHOLER LLP
425 Park Avenue
New York, NY  10022-3598
(212) 836-8000

*Counsel for CLS Bank International and
CLS Services Ltd.*

Respectfully submitted,

Paul M. Wolff (D.C. Bar No. 90217)
Bruce R. Genderson (D.C. Bar No. 961367)
Ryan T. Scarborough (D.C. Bar No. 466956)
M. Jesse Carlson (D.C. Bar No. 490196)
WILLIAMS & CONNOLLY LLP
725 12th Street, N.W.
Washington, DC 20005
Telephone: (202) 434-5000
Facsimile: (202) 434-5029

Mark F. Evens (D.C. Bar No. 343723)
STERNE, KESSLER, GOLDSTEIN & FOX
P.L.L.C.
1100 New York Avenue, N.W.
Washington, DC 20005
Telephone: (202) 371-2600
Facsimile: (202) 371-2540

*Counsel for Alice Corporation Pty. Ltd.*