IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CLS BANK INTERNATIONAL,<br><br>  Plaintiff,<br><br>v.<br><br>ALICE CORPORATION PTY. LTD.,<br><br>  Defendant.<br><br>ALICE CORPORATION PTY. LTD.,<br><br>  Counterclaim-Plaintiff,<br><br>v.<br><br>CLS BANK INTERNATIONAL,<br><br>  Counterclaim-Defendant,<br><br>and<br><br>CLS SERVICES LTD.,<br><br>  Counterclaim-Defendant. | Case No. 07-CV-00974-RMC |

### REPLY TO ALICE CORPORATION PTY. LTD.'S COUNTERCLAIM(S)

Plaintiff and Counterclaim-Defendant CLS Bank International and Counterclaim-Defendant CLS Services Ltd. (collectively, "CLS"), for their Reply to Defendant and Counterclaim-Plaintiff Alice Corporation Pty. Ltd.'s ("Alice") Answer and Counterclaims, state as follows:

#### The Parties

1. Admit, on information and belief, the allegations of paragraph 1 of the Counterclaim(s).

CLSAnswer.DOC

2. Admit the allegations of paragraph 2 of the Counterclaim(s).

3. Admit the allegations of paragraph 3 of the Counterclaim(s).

4. Deny the allegations of paragraph 4 of the Counterclaim(s) except admit that CLS Bank and CLS Services are parties to a Master Services Agreement.

### Jurisdiction and Venue

5. Paragraph 5 of the Counterclaim(s) set forth legal conclusions for which no response is required. To the extent paragraph 5 contains factual allegations to which a response is required, those allegations are denied.

6. Paragraph 6 of the Counterclaim(s) set forth legal conclusions for which no response is required. To the extent paragraph 6 contains factual allegations to which a response is required, those allegations are denied.

### Factual Background

7. Deny the allegations of paragraph 7 of the Counterclaim(s) except admit that on or about October 4, 2002, Alice's counsel wrote to an executive of CLS Group Holdings and CLS Bank regarding U.S. Patent No. 5,970,479, and refer to the letter for the contents thereof.

8. Deny the allegations of paragraph 8 of the Counterclaim(s) except admit that on or about March 6, 2003, Alice's counsel responded to a letter from counsel for CLS Bank, and refer to the aforementioned correspondence for the contents thereof.

9. Deny the allegations of paragraph 9 of the Counterclaim(s) except admit that on or about November 23, 2004, representatives of Alice including Alice's chairman met with representatives of CLS Bank in New York.

10. Deny the allegations of paragraph 10 of the Counterclaim(s) except admit that on or about June 29, 2005, Alice's counsel sent an email to counsel for CLS Bank regarding U.S. Patent No. 6,912,510, and refer to the email for the contents thereof.

11. Deny the allegations of paragraph 11 of the Counterclaim(s) except admit that on or about January 18, 2006, representatives of Alice and Alice's counsel participated in a telephone conference call with the Chief Executive Officer of CLS Bank and CLS Group, CLS Bank's General Counsel and counsel for CLS Bank, respecting a licensing offer of Alice.

12. Deny the allegations of paragraph 12 of the Counterclaim(s) except admit that on or about March 13, 2006, Alice's counsel sent an email to counsel for CLS Bank, attaching what Alice's counsel called a draft license agreement, and refer to the email for the contents thereof.

13. Deny the allegations of paragraph 13 of the Counterclaim(s) except admit that on or about April 18, 2006, representatives of Alice met with the Chief Executive Officer of CLS Bank and CLS Group, CLS Bank's General Counsel and counsel for CLS Bank in New York.

14. Deny the allegations of paragraph 14 of the Counterclaim(s).

15. Deny the allegations of paragraph 15 of the Counterclaim(s) except admit that on or about October 4, 2006 the Chief Executive Officer of CLS Bank and CLS Group met with a representative of Alice in Australia.

16. Deny the allegations of paragraph 16 of the Counterclaim(s).

17. Deny the allegations of paragraph 17 of the Counterclaim(s) except admit that on or about February 7, 2007, the Chief Executive Officer of CLS Bank and CLS Group advised a representative of Alice that Alice's proposed license was rejected.

18. Deny the allegations of paragraph 18 of the Counterclaim(s) except admit that CLS Bank and CLS Services are parties to a Master Services Agreement.

19. Deny the allegations of paragraph 19 of the Counterclaim(s).

## Count I

20. Restate and reallege their responses to paragraphs 1-19 of the Counterclaim(s) and incorporate them herein by reference.

21. Deny that the '479 patent was "duly and legally" issued to Ian K. Shepherd, and otherwise admit the allegations in paragraph 21 of the Counterclaim(s).

22. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 22 of the Counterclaim(s), and on that basis deny those allegations.

23. Deny the allegations of paragraph 23 of the Counterclaim(s).

24. Deny the allegations of paragraph 24 of the Counterclaim(s).

25. Deny the allegations of paragraph 25 of the Counterclaim(s).

26. Deny the allegations of paragraph 26 of the Counterclaim(s).

## Count II

27. Restate and reallege their responses to paragraphs 1-26 of the Counterclaim(s) and incorporate them herein by reference.

28. Deny that the '510 patent was "duly and legally" issued to Ian K. Shepherd, and otherwise admit the allegations in paragraph 28 of the Counterclaim(s).

29. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 29 of the Counterclaim(s), and on that basis deny those allegations.

30. Deny the allegations of paragraph 30 of the Counterclaim(s).

31. Deny the allegations of paragraph 31 of the Counterclaim(s).

32. Deny the allegations of paragraph 32 of the Counterclaim(s).

33. Deny the allegations of paragraph 33 of the Counterclaim(s).

### Count III

34. Restate and reallege their responses to paragraphs 1-33 of the Counterclaim(s) and incorporate them herein by reference.

35. Deny that the '720 patent was "duly and legally" issued to Ian K. Shepherd, and otherwise admit the allegations in paragraph 35 of the Counterclaim(s).

36. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 36 of the Counterclaim(s), and on that basis deny those allegations.

37. Deny the allegations of paragraph 37 of the Counterclaim(s).

38. Deny the allegations of paragraph 38 of the Counterclaim(s).

39. Deny the allegations of paragraph 39 of the Counterclaim(s).

40. Deny the allegations of paragraph 40 of the Counterclaim(s).

### Count IV

41. Restate and reallege their responses to paragraphs 1-40 of the Counterclaim(s) and incorporate them herein by reference.

42. Deny that the '479 patent was "duly and legally" issued to Ian K. Shepherd, and otherwise admit the allegations in paragraph 42 of the Counterclaim(s).

43. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 43 of the Counterclaim(s), and on that basis deny those allegations.

44. Deny the allegations of paragraph 44 of the Counterclaim(s).

45. Deny the allegations of paragraph 45 of the Counterclaim(s).

46. Deny the allegations of paragraph 46 of the Counterclaim(s).

47. Deny the allegations of paragraph 47 of the Counterclaim(s).

### Count V

48. Restate and reallege their responses to paragraphs 1-47 of the Counterclaim(s) and incorporate them herein by reference.

49. Deny that the '510 patent was "duly and legally" issued to Ian K. Shepherd, and otherwise admit the allegations in paragraph 49 of the Counterclaim(s).

50. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 50 of the Counterclaim(s), and on that basis deny those allegations.

51. Deny the allegations of paragraph 51 of the Counterclaim(s).

52. Deny the allegations of paragraph 52 of the Counterclaim(s).

53. Deny the allegations of paragraph 53 of the Counterclaim(s).

54. Deny the allegations of paragraph 54 of the Counterclaim(s).

### Count VI

55. Restate and reallege their responses to paragraphs 1-54 of the Counterclaim(s) and incorporate them herein by reference.

56. Deny that the '720 patent was "duly and legally" issued to Ian K. Shepherd, and otherwise admit the allegations in paragraph 56 of the Counterclaim(s).

57. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 57 of the Counterclaim(s), and on that basis deny those allegations.

58. Deny the allegations of paragraph 58 of the Counterclaim(s).

59. Deny the allegations of paragraph 59 of the Counterclaim(s).

60. Deny the allegations of paragraph 60 of the Counterclaim(s).

61. Deny the allegations of paragraph 61 of the Counterclaim(s).

## Prayer for Relief

Deny that Alice is entitled to the relief requested in its prayer, and to the extent that such prayer contains factual allegations, such allegations are denied.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

1. Each of the claims of U.S. Patent No. 5,970,479 ("'479 patent"); U.S. Patent No. 6,912,510 ("'510 patent") and U.S. Patent No. 7,149,720 ("'720 patent") are invalid for failure to comply with the requirements of the patent laws of the United States, including 35 U.S.C. §§ 101, 102, 103 and/or 112.

### Second Affirmative Defense

2. The claims of the '479, '510 and '720 patents are unenforceable due to inequitable conduct of Alice and/or the inventor of the '479, '510 and '720 patents.

3. In particular, Alice and/or the inventor failed to disclose material prior art to the U.S. Patent & Trademark Office ("PTO") during prosecution of the patent applications leading up to issuance of the '479, '510 and '720 patents, including but not limited to material information known to them respecting the Swiss Interbank Clearing (SIC) system.

4. Alice and/or the inventor also sought to amend their patent claims during prosecution, based on information they obtained concerning the CLS System and CLS Service, without disclosing to the PTO that the subject matter sought in the proposed amendments was not invented by Alice or the named inventor of the Alice patents.

### Third Affirmative Defense

5.  The '479, '510 and '720 patents are unenforceable because Alice has misused the '479, '510 and '720 patents by attempting to enforce the patents despite knowing they are invalid and unenforceable.

### Fourth Affirmative Defense

6.  Alice's Counterclaim(s) are barred by the doctrine of laches.

### Fifth Affirmative Defense

7.  Alice's Counterclaim(s) are barred by the doctrine of unclean hands.

### Sixth Affirmative Defense

8.  Alice's Counterclaim(s) fail to state a claim for which relief may be granted.

WHEREFORE, CLS respectfully prays for judgment in its favor and against Alice:

(a) Dismissing all counts of Alice's Counterclaim(s) against CLS with prejudice;

(b) Denying in its entirety the relief requested by Alice;

(c) Declaring that CLS has not infringed, directly, contributorily, or through inducement, any valid and/or enforceable claim of the '479, '510 and '720 patents;

(d) Declaring that the claims of the '479, '510 and '720 patents are invalid;

(e) Declaring that the claims of the '479, '510 and '720 patents are unenforceable;

(f) Awarding CLS its costs and attorney fees under 35 U.S.C. § 285; and

(g) Awarding CLS such other and further relief as this Court may deem just and proper.

Respectfully submitted this 16th day of January, 2008.

CLS Bank International and
CLS Services Ltd.,

By: _____/s/ David Bickart_____
David O. Bickart (Bar # 355313)
KAYE SCHOLER LLP
901 Fifteenth Street, N.W.
Washington, DC 20005-2327
(202) 682-3503

Of Counsel:

William A. Tanenbaum, Esq. (WT-9960)
Steven J. Glassman, Esq. (SG-1616)
Stephen J. Elliott, Esq. (SE-5437)
KAYE SCHOLER LLP
425 Park Avenue
New York, NY 10022-3598
Tel: 212-836-8000