**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| CLS BANK INTERNATIONAL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 07-CV-00974-RMC |
| v. | ) | |
| | ) | |
| ALICE CORPORATION PTY. LTD., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| ALICE CORPORATION PTY. LTD., | ) | |
| | ) | |
| Counterclaim-Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| CLS BANK INTERNATIONAL, | ) | |
| | ) | |
| Counterclaim-Defendant, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| CLS SERVICES LTD., | ) | |
| | ) | |
| Counterclaim-Defendant. | ) | |

**JOINT MOTION TO ENTER PROPOSED PROTECTIVE ORDER**

For the reasons set forth therein, the parties in this action jointly request that the Court

enter a Protective Order in the form attached hereto as Exhibit A.

Dated:  May 22, 2008                              Respectfully submitted,

David O. Bickart (Bar # 355313)
KAYE SCHOLER LLP
901 Fifteenth Street, N.W.
Washington, DC  20005-2327
(202) 682-3503

William A. Tanenbaum (WT-9960)
Steven J. Glassman (SG-1616)
Stephen J. Elliott (SE-5437)
KAYE SCHOLER LLP
425 Park Avenue
New York, NY 10022-3598
(212) 836-8000

*Attorneys for CLS Bank Int'l and
CLS Services Ltd.*

and

_____

Paul M. Wolff (D.C. Bar No. 90217)
Bruce R. Genderson (D.C. Bar No. 961367)
Ryan T. Scarborough (D.C. Bar No. 466956)
M. Jesse Carlson (D.C. Bar No. 490196)
WILLIAMS AND CONNOLLY
725 12th Street, N.W.
Washington, DC 20005
Telephone: (202) 434-5000
Facsimile (202) 434-5029

*Attorneys for Alice Corporation Pty. Ltd.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 22nd day of May, 2008, a true copy of the foregoing

Joint Motion to Enter Proposed Protective Order was served upon the following by electronic

means through ECF:

William A. Tanenbaum, Esq.
Stephen J. Glassman, Esq.
Stephen J. Elliott, Esq.
KAYE SCHOLER LLP
425 Park Avenue
New York, NY  10022-3598
212-836-8000


David O. Bickart, Esq.
KAYE SCHOLER LLP
901 15th St., N.W.
Washington, DC  20005-2327
202-682-3503

_____
M. Jesse Carlson

# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| CLS BANK INTERNATIONAL, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 07-CV-00974-RMC |
| ALICE CORPORATION PTY. LTD., | ) |
| Defendant. | ) |
| ALICE CORPORATION PTY. LTD., | ) |
| Counterclaim-Plaintiff, | ) |
| v. | ) |
| CLS BANK INTERNATIONAL, | ) |
| Counterclaim-Defendant, | ) |
| and | ) |
| CLS SERVICES LTD., | ) |
| Counterclaim-Defendant. | ) |

**PROTECTIVE ORDER**

WHEREAS CLS Bank International ("CLS Bank"), CLS Services Ltd. ("CLS Services U.K.") and Alice Corporation Pty. Ltd. ("Alice") are the parties to Civil Action No. 07-CV-00974-RMC (the "Action");

WHEREAS, the parties possess confidential information which may be disclosed in responding to discovery requests or otherwise in this action and which must be protected in order to preserve their legitimate business and financial interests; and

WHEREAS, good cause exists for the entry of this Protective Order pursuant to Fed. R. Civ. P. 26(c) to protect against improper disclosure or use of confidential information produced in this Action:

The following provisions of this Protective Order shall control the disclosure, dissemination, and use of information in this case:

## DEFINITIONS

1.     The term "Confidential," as used in this order, includes, and is limited to, non-public information the Producing Party believes in good faith contains any trade secret or other confidential or proprietary research, development, or business or financial information.  It may include, without limitation, any documents produced in this action (during formal discovery or otherwise), answers to interrogatories, responses to requests for admission or other discovery requests, deposition or hearing transcripts, affidavits, expert reports, or any portion thereof, and the information contained therein.

2.     The term "Confidential -- Notice Required," as used in this order, includes, and is limited to, non-public information that the Producing Party believes in good faith contains any confidential or proprietary design information, or the confidential or proprietary information of any third-party.  It may include, without limitation, any documents produced in this action (during formal discovery or otherwise), answers to interrogatories, responses to requests for admission or other discovery requests, deposition or hearing transcripts, affidavits, expert reports, or any portion thereof, and the information contained therein.

3.     The term "Highly Confidential," as used in this order, includes, and is limited to:  (i) non-public information concerning system research, design, development, operation, or business strategy that the Producing Party reasonably and in good faith believes

2

could be used by the Receiving Party in the preparation and prosecution of patent applications; or (ii) non-public information the Producing Party reasonably and in good faith believes would result in irreparable harm to the Producing Party if it were disclosed to anybody other than the individuals identified in paragraph 17 below.  It may include, without limitation, any documents produced in this action (during formal discovery or otherwise), answers to interrogatories, responses to requests for admission or other discovery requests, deposition or hearing transcripts, affidavits, expert reports, or any portion thereof, and the information contained therein.

       4.     The term "Protected Information" means Confidential information, Confidential -- Notice Required information, and Highly Confidential information.

       5.     The term "Producing Party" means the party or non-party designating information as Protected Information.

       6.     The term "Receiving Party" means the party to whom Protected Information is revealed.

## DESIGNATION OF PROTECTED INFORMATION

       7.     Each Producing Party may designate Confidential information as "Confidential."  Where the marking or designation of documents, testimony, pleadings, or things is required, a legend bearing the words "Confidential" shall be used.  This designation shall appear on the first page of the document and the page or pages which contain Confidential information.

       8.     Each Producing Party may designate Confidential -- Notice Required information as "Confidential -- Notice Required."  Where the marking or designation of documents, testimony, pleadings, or things is required, a legend bearing the words "Confidential

-- Notice Required" shall be used.  This designation shall appear on the first page of the document and the page or pages which contain Confidential -- Notice Required information.

9.      Each Producing Party may designate Highly Confidential information as "Highly Confidential—Authorized Eyes Only."  Where the marking or designation of documents, testimony, pleadings, or things is required, a legend bearing the words "Highly Confidential—Authorized Eyes Only" shall be used.  This designation shall appear on the first page of the document and the page or pages which contain Highly Confidential information.

10.      In lieu of marking the original of a document which contains Protected Information prior to inspection, counsel for the producing party may orally or in writing designate documents being produced for inspection as containing Protected Information, thereby making them subject to this Protective Order; however, any copies of such documents must be marked by the producing party in accordance with paragraphs 7, 8 or 9 at the time copies, if any, are provided.

11.      In the case of responses to interrogatories, other discovery requests or responses, affidavits, briefs, memoranda, or other papers filed with the Court, information contained therein may be designated as Protected Information by prominently marking such paper with the legend "Confidential," "Confidential -- Notice Required" or "Highly Confidential—Authorized Eyes Only."

12.      Testimony or information disclosed at a deposition may be designated by a party as Protected Information by indicating on the record at the deposition the specific testimony which contains Protected Information that is to be made subject to the provisions of this Protective Order.  Alternatively, a party may designate testimony or information disclosed at a deposition as Protected Information by notifying the other parties, in writing, within seven

(7) business days of receipt of the transcript of the deposition, of the portions of the transcript that are to be designated as Protected Information.  Each party shall attach a copy of such written statement to the face of the transcript and each copy thereof in its possession, custody, or control.  All depositions shall be treated as containing Highly Confidential information until seven (7) business days after receipt of the transcript, or until receipt of the notice referred to in this subparagraph, whichever occurs sooner.

       13.    Any employee, agent, advisor, representative, or person affiliated with a party who is not authorized to receive Protected Information may attend a deposition at which Protected Information may be disclosed.  The designating party shall have the right to exclude such persons from the deposition during the period any Protected Information is disclosed or discussed.  A person entitled to receive Confidential Information or Confidential -- Notice Required Information but not Highly Confidential information shall only be excluded from the portion of the deposition during which Highly Confidential information is disclosed or discussed.

## PROCEDURES FOR CHALLENGING DESIGNATIONS OF PROTECTED INFORMATION

       14.    Nothing in this Protective Order shall be construed as an agreement or admission that any information, document, or the like designated as Protected Information is, in fact, confidential.

       15.    A Receiving Party  shall not be obligated to challenge the propriety of a confidentiality designation at the time made, and a failure to do so shall not preclude a subsequent challenge thereto.

       16.    In the event that a Receiving Party disagrees at any point with the designation of any information, counsel for the Receiving Party and the Producing Party shall make a good faith effort to resolve the dispute.  If the parties cannot resolve the dispute, the

Receiving Party shall telephone the Court's clerk to schedule a conference. The Producing Party shall bear the burden of proof to justify its confidentiality designation. The Receiving Party shall continue to treat the information consistent with the Producing Party's original confidentiality designation until the objection is resolved by agreement or by the Court.

## INDIVIDUALS ENTITLED TO RECEIVE PROTECTED INFORMATION

17.    Highly Confidential information (bearing the legend "Highly Confidential—Authorized Eyes Only"), may only be made available to and inspected by the following people.

> (a)    The following counsel of record in this Action.
>
> > i.    For CLS Bank and CLS Services UK:  Kaye Scholer LLP;
> >
> > ii.    For Alice:  Williams & Connolly LLP.

The term "counsel of record" includes lawyers, their assistants and other personnel at the foregoing firms, photocopying and/or graphics services and electronic discovery/document management vendors used by them, and stenographic/videographic reporters;

> (b)    Other counsel (not "of record") retained to assist in this litigation, provided that these individuals are not presently involved (and warrant that they will not in the future be involved) in prosecuting patent applications for or on behalf of the Receiving Party;

> (c)    For Alice:  David Krasnostein, Esq., Head of Global Private Equity at National Australia Bank and Board Member of Alice Corp. (and his secretary), and Linda Tullberg, consultant to Alice Corp., who are necessary to assist outside counsel in the analysis, preparation and trial of this action and who are not involved in any way in the preparation or prosecution of patents or patent applications.

6

       (d)     For CLS:  David Skoblow, General Counsel for CLS Bank (and his secretary) and William Fraser-Campbell (and his secretary).

       (e)     Individuals who furnish independent expert consulting services or may be asked to give expert testimony with regard to this Action;

       (f)     Jury consultants and their staffs (including members of mock juries) who are retained with regard to this Action;

       18.     Confidential and Confidential -- Notice Required information (bearing the legends "Confidential" and "Confidential -- Notice Required, respectively), may only be made available to and inspected by the following people:

       (a)     The individuals identified in paragraph 17 above;

       (b)     Up to four (4) designated employees, executives, or board members of CLS Bank and/or CLS Services;

       (c)     Up to four (4) designated employees, executives, or board members of Alice, it being expressly understood that Robert Sokohl, Esq. shall qualify under this subsection if designated by Alice.

       19.     As a condition precedent to disclosure of Protected Information, persons specified in paragraphs 17(e), 17(f), 18(b) and 18(c) must acknowledge receipt and understanding of this Protective Order; agree to be bound thereby; agree to use the Protected Information solely for this Action; agree not to disclose any Protected Information to any other person, firm, or concern in violation of this Protective Order; and execute a declaration acknowledging the foregoing, in the form annexed hereto as Exhibit A.  Jury consultants and independent experts may execute the form on behalf of their staffs or members of mock juries.

20.     For each person specified in paragraphs 17(e), 17(f), 18(b) and 18(c) above, counsel shall forward a copy of the executed declaration, and a copy of the person's current resume or C.V., to counsel for the other Parties at least seven (7) days prior to the proposed disclosure of Highly Confidential or Confidential -- Notice Required information.  If any party objects to the proposed disclosure to the designated individual, that party must object in writing within seven (7) days after receipt of the notice.  No disclosure of Protected Information may be made until the issue is resolved by the parties or by the Court.

## MISCELLANEOUS

21.     Any document containing Protected Information, or any pleadings, motions or other papers disclosing any information or materials designated as Protected Information by another party or non-party, shall be submitted to the Court pursuant to the provisions for filing of sealed documents set out in Local Civil Rule 5.1 (j).

22.     Prior to the use of any Protected Information in open court in connection with any hearing, oral argument or trial in the Action or any appeal therefrom, counsel for the parties hereto shall confer on such procedures as are reasonable and appropriate to protect the confidentiality of such Protected Information, it being the intent of the parties to preserve the confidentiality of such information to the fullest extent possible consistent with open court proceedings, and shall incorporate such procedures in the pre-trial order or request other appropriate orders from the court presiding over the Action or any appeal therefrom.

23.     Nothing in this Protective Order shall prevent a Receiving Party from showing Protected Information disclosed by the Producing Party at a deposition or trial to the principals, employees, agents, or other representatives of the Producing Party, or to any individual who authored, received, or was aware of the Protected Information.

24.    Protected Information obtained from another party in this Action, or from a third party, may be used and disclosed solely for purposes of this Action.  Nothing in this paragraph or this Protective Order shall prevent any party from using its own Protected Information in any way.

25.    Nothing in this Protective Order shall be construed as preventing a party from using or continuing to use any information that is or becomes publicly known through no unauthorized act of such party, or as preventing a party from using or continuing to use any information that is or becomes known to it if such information was or is lawfully obtained by such party other than through a Producing Party.  Should a dispute arise as to any specific information or material, the party claiming that such information or material is or was publicly known or was lawfully obtained other than through a Producing Party shall have the burden of proving its claim.

26.    The inadvertent or unintentional failure by a Producing Party to designate specific documents or materials as Protected Information shall not be deemed a waiver in whole or in part of a party's claim of confidentiality as to such documents or materials.  Upon notice to the Receiving Party of such failure to designate, the Receiving Party shall cooperate to restore the confidentiality of the inadvertently disclosed information, without prejudice to the Receiving Party's right to object to the proposed designation.

27.    Nothing in this Protective Order shall prevent disclosure beyond the terms of this Protective Order if the Producing Party consents in writing to such disclosure, or if the Court, after notice to all affected parties, orders such disclosure.

28.    The inadvertent or unintentional production of a document protected by the attorney-client or work product privilege shall not constitute a waiver of the privilege.  If a

party inadvertently or unintentionally produces a privileged document, it shall notify each party who received the document, and each receiving party shall return the document and all copies to the producing party within five (5) business days.

       29.      Within sixty (60) days after the conclusion of this Action, and any appeals therefrom, all documents and other materials produced or designated as Protected Information shall be returned to the producing party or shall be destroyed, at the option of counsel in possession of such copies. If the materials are destroyed, counsel responsible for the destruction shall within seven (7) days of such destruction certify to counsel for the producing party that destruction has taken place. Insofar as the provisions of this and any other Order entered in this Action restrict the communication and use of information, such Order(s) shall continue to be binding after the conclusion of this Action.

       30.      This Court shall retain jurisdiction over the parties to this Action for the purposes of compliance with and enforcement of the terms of this Protective Order, and the final termination of this Action shall not terminate this Protective Order or its terms.

       31.      This Protective Order has been negotiated to facilitate discovery and the production of relevant evidence in this Action. Neither the agreement of the parties, nor the designation of any information, document, or the like as Protected Information, nor the failure to make such designation shall constitute evidence with respect to any issue in this Action.

       32.      The terms of this Protective Order shall be applicable to any third party who produces information which is designated by such third party as Protected Information.

       33.      Nothing in this Protective Order shall prejudice the right of any party, or any third party, to seek relief from the Court, upon good cause shown, from any of the

restrictions provided above or to impose additional restrictions on the disclosure of any

information or material.


So Ordered.

Dated:_____    _____

Rosemary M. Collyer, U.S.D.J.

**EXHIBIT A**

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| CLS BANK INTERNATIONAL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 07-CV-00974-RMC |
| | ) |
| ALICE CORPORATION PTY. LTD., | ) |
| | ) |
| Defendant. | ) |
| | ) |
| ALICE CORPORATION PTY. LTD., | ) |
| | ) |
| Counterclaim-Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| CLS BANK INTERNATIONAL, | ) |
| | ) |
| Counterclaim-Defendant, | ) |
| | ) |
| and | ) |
| | ) |
| CLS SERVICES LTD., | ) |
| | ) |
| Counterclaim-Defendant. | ) |
| | ) |

**DECLARATION AND AGREEMENT TO BE BOUND**

I, _____ declare and state under penalty of perjury that:

1.     My present residential address is _____

_____ .

2.     My present employer is_____

and the address of my present employer is _____

3.      My present occupation or job description is _____

_____

4.      I have received and carefully read the Protective Order dated

_____, and understand its provisions.  Specifically, I understand that I am

obligated, under order of the Court, to hold in confidence and not to disclose the contents of

anything marked "CONFIDENTIAL" or "Confidential -- Notice Required" to anyone other than

the persons permitted by paragraph 18 of the Protective Order, and not to disclose anything

marked "HIGHLY CONFIDENTIAL—AUTHORIZED EYES ONLY" to anyone other than the

persons permitted by paragraph 17 of the Protective Order.  I further understand that the

foregoing restrictions also apply to any words, summaries, abstracts or indices of any Protected

Information disclosed to me.  I will use the Protected Information solely for purposes relating to

the above-captioned litigation.  In addition to the foregoing, I understand that I must abide by all

of the provisions of the Protective Order.

5.      At the termination of this Action or at any time requested by counsel, I

will return to counsel for the party by whom I am employed, all documents and other materials,

including notes, as well as extracts, summaries, and all reproductions, as well as any other

materials containing or reflecting Protected Information which have come into my possession,

and will return all documents or things I have prepared relating to or reflecting such information.

6.      I understand that if I violate the provisions of the Protective Order, I will

be in violation of a Court order and subject to sanctions or other remedies that may be imposed

by the Court and potentially liable in a civil action for damages by the disclosing party.

2

       7.       I agree to be subject to the jurisdiction of the United States District Court for the District of Columbia, where this Action is pending, for purposes of compliance with and enforcement of the terms of the Protective Order and this Declaration.

       I declare under penalty of perjury of the laws of the United States that the foregoing is true and correct.

Executed on _____     Signature _____